## Downey *v.* Hotchkiss.

### In the Court below,

MEDAD HOTCHKISS, *Petitioner ;* JAMES DOWNEY, LOIS his wife, and JOHN NICHOLS, *Respondents.*

THIS was a petition in chancery, stating, that the petitioner had agreed with *Downey* and his wife for one half of a grist-mill belonging to her ; that they had given him possession ; that he had since paid part of the purchase money, and made extensive repairs ; and that *Nichols*, knowing these facts, had afterwards prevailed upon *Downey* and his wife to execute a conveyance of the premises to him. The relief prayed for was, that *Downey* and his wife should be compelled to give the petitioner a deed in pursuance of their agreement, and that *Nichols* should be enjoined not to make any use of his. The Court found the facts as stated, and decreed in favour of the petitioner.

In adopting the English statute of frauds and perjuries, our legislature adopted the construction given to it by the English courts. A parol contract, therefore, regarding real estate, executed in part, will be enforced by our courts.

On the hearing of the case, the Court permitted the petitioner to prove the agreement between him and *Downey* and his wife, *by parol.* The respondents having objected to the admission of such evidence, on the ground that it was in contravention of the statute of frauds and perjuries, filed their bill of exceptions.

Whether the specific execution of an agreement of husband and wife, concerning her land, can be enforced in chancery against *her ?*

*Edwards,* (of New-Haven,) and *Staples* for the plaintiffs in error, contended,

1. That part performance, in this State, would not take a case out of the statute.

2. That a specific performance of an agreement of husband and wife, concerning her land, could not be enforced in chancery, *against her.*

F f

1805.

DOWNEY
*v.*
HOTCHKISS.

The first point they considered as *res nova* before this Court; and went into a full examination of the rules of construction, and the various considerations of policy, as applicable to the statute in question.

On the second point, they contended, that chancery would not interfere to compel a specific execution, except where a court of law, provided the contract could be proved, would give damages for non-performance. *Downey*'s *wife* would clearly not be liable in an action at law.

*Baldwin*, and *Smith*, (of New-Haven,) for the defendant in error, contended,

1. That as to the construction of the statute, they were not bound to recur to first principles, the construction of the Court below, in this case, having been long settled in England, when our legislature adopted the statute.

2. That the same law, which authorizes the contract of a feme-covert, will compel her to fulfil it. At any rate, this bill ought to be supported as against the husband, to compel him to make the petitioner a title, and as against *Nichols*, for the purpose of an injunction against his deed.

By THE COURT, unanimously,

The judgment was affirmed.