# SUPREME JUDICIAL COURT

FOR THE

## COUNTY OF BERKSHIRE, SEPTEMBER TERM 1826, AT LENOX.

PRESENT:

Hon. ISAAC PARKER, Chief Justice,
Hon. SAMUEL PUTNAM, ⎫
Hon. SAMUEL S. WILDE, ⎬ Justices.
Hon. MARCUS MORTON, ⎭

---

## Eli Ensign versus Silas Kellogg et al.

This Court have power to decree specific performance of a bond with a penalty, conditioned for the conveyance of land.

A bond with a penalty, with condition to convey land to the obligee or his appointee, may be assigned after a forfeiture; and the assignee may maintain a bill in equity for a specific performance.

The obligors cannot question the validity of such assignment on the ground that it was made without consideration.

THIS was a bill in equity for the specific performance of a contract. The bill sets forth, that on the 12th of June, 1818, the defendants executed a bond to Austin Kinney, in the penalty of 1000 dollars, with condition that they would convey to him, or to such other person as he should nominate and appoint, a certain saw mill and saw mill yard, and the privileges and appurtenances thereto belonging, immediately after the payment, to be made on or before May 1,

1690, of 600 dollars and interest from the date of the bond, in addition to 300 dollars already paid by Kinney ; that on the day of the date Kinney took possession of the premises, and continued in possession until the 1st of May, 1819 ; that on that day he tendered the sum of 600 dollars and interest, and the defendants accepted the same ; that on the same day Kinney demanded of the defendants a deed of the premises, and continued ready to receive it until the 19th of October, 1822, when he assigned all his right and interest under the bond to the complainant ; that on the day last mentioned the complainant gave notice to the defendants, that Kinney had assigned the bond to him and had nominated and appointed him to receive the deed of the premises ; that the complainant at the same time demanded, and still continues ready to receive a deed, but that the defendants have refused, and still refuse to execute and deliver one, either to the complainant or to Kinney ; and that the penal sum of the bond is too low to afford the complainant an adequate and complete remedy at law.

The defendants demur, 1st, because this Court, sitting as a court of equity, have no cognizance of the matter of complaint ; 2dly, because the bill shows that the penalty of the bond was forfeited on the 1st of May, 1819, when a right of action upon the same vested in Kinney, which was before the assignment to the complainant ; and 3dly, because the bill does not set forth a valid and legal assignment, as it neither sets forth the consideration, nor shows that the assignment was made by writing under seal.

*Dwight*, *Barnard* and *C. A. Dewey*, in support of the bill    The Court have jurisdiction of this case by virtue of *St.* 1817, *c.* 87, which empowers them to hear and determine in equity, " all cases of contract in writing, where a party claims the specific performance of the same, and in which there may not be a plain, adequate, and complete remedy at law." The Court have said, in *Dwight* v. *Pomeroy*, 17 Mass. R. 327, that the principles of equity, as settled in the chancery courts in England, may be applied here, as well as their forms of process. The common law principle restraining the jurisdiction of courts of equity n

England, corresponds exactly with the language of our statute, and yet those courts entertain suits, notwithstanding the party may have a remedy at law. 3 Bl. Com. 434. So of the courts of the United States, as to which the Act of 1 *Cong.* 1 *Sess. c.* 20, § 16, provides, "that suits in equity shall not be maintained in either of the courts of the United States, in any case where a plain, adequate, and complete remedy may be had at law." *Robinson* v. *Campbell*, 3 Wheat. 222 ; *Hepburn* v. *Dunlop*, 1 Wheat. 179, 203, note ; *Morgan's Heirs* v. *Morgan*, 2 Wheat. 290 ; *Colson* v. *Thompson*, ibid. 336 ; *Pratt* v. *Carroll*, 8 Cranch, 471. It appears therefore, that the phraseology of our statute has already received a judicial construction. We contend then, that both by the obvious meaning of the statute itself, and according to English chancery principles, this Court have jurisdiction in cases for the specific performance of contracts, although there may likewise be a remedy of some sort in the courts of law. 3 Bl. Com. 438 ; 7 Dane's Abr. *c.* 225 ; 2 Vern. 423 ; *Flint* v. *Brandon*, 8 Ves. 163 ; Mitf. Pl. 109 ; Bac. Abr. *Agreement, B* ; 2 Ventr. 306 ; Newl. on Contr. 35, 304 *et seq.* ; 4 Dane's Abr. *p.* 13 ; *Penn* v. *Ld. Baltimore*, 1 Ves. sen. 444 ; *Howard* v. *Hopkyns*, 2 Atk. 371. Where the remedy at law is doubtful, or difficult, or incomplete, a court of equity will entertain jurisdiction ; and we say that in this case it is incomplete. 7 Dane's Abr. *p.* 586, § 30, and cases there cited. The exercise of this extraordinary jurisdiction is to be regulated by the sound discretion of the Court, as the circumstances of each case may dictate. The present case comes within the application of this principle. *Hamilton* v *Cummings*, 1 Johns. Ch. R. 523 ; *St. John* v. *Benedict*, 6 Johns. Ch. R. 117.

Equity views a bond conditioned to convey land, as articles of agreement, and will decree a specific performance of the condition. 7 Dane's Abr. *p.* 543, § 30 ; 4 Dane's Abr. *p.* 13, 15, § 33, 34, 38, and the cases there cited ; 1 Powell on Contr. 314 ; *Hopson* v. *Trevor*, 1 Str. 534 ; Sugd. on Vend. (2d ed.) 155.

The assignment is valid in equity, and the circumstance that an action had previously accrued to the obligee, is im-

material. *Bigelow* v. *Willson,* 1 Pick. 485 ; *Goodwin* v. *Richardson,* 11 Mass. R. 469 ; *Gould* v. *Newman,* 6 Mass. R. 242 ; 4 Johns. Ch. R. 693 : 2 Johns. Ch. R. 441, 479 ; 4 T. R. 340. It can make no difference to the defendants to whom they give the deed, and they have besides expressly promised to convey to the appointee of the obligee In equity the assignee of a chose in action may sue in his own name. 1 Vern. 22 ; *Innes* v. *Dunlop,* 8 T. R. 595 ; *Lenox* v. *Roberts,* 2 Wheat. 373.

The defendants cannot object that no consideration passed between Kinney and the plaintiff ; it was therefore unneces sary, in stating the assignment, to set forth the consideration If the plaintiff appears to have an interest, it is sufficient 6 Dane's Abr. *p.* 523, *art.* 22 ; 1 Powell on Contr. 317 *Whitchurch* v. *Bevis,* 2 Bro. C. C. 566.

*Jarvis,* in support of the demurrer. The phraseology of our statute cannot be said to have received a judicial con struction, for in England the power of courts of equity is not limited by a statute in similar language, and in the cases before the courts of the United States the objection now made was not raised. If this Court will administer equity in a case in which there is a remedy at law, because in England courts of equity and courts of law may in such cases have concurrent jurisdiction, they will go beyond the words and the intention of the statute. This is a case in which the damages are liquidated, and the defendants have an option to pay those damages or convey the land. Com. Dig. *Chancery,* 2 *C,* 8, and 4 *D,* 16. The plaintiff has a complete remedy at law for the damages, and the Court therefore will not assume equitable jurisdiction of the case ; 1 Madd. Ch. Pr. 320 ; or if they have such jurisdiction, they will in their discretion refuse to decree a specific performance. Com. Dig. *Chancery,* 2 *C,* 16.

The assignment having been made after the condition of the bond was broken and a cause of action thereon had accrued to the obligee, the Court will not protect it ; thus a covenant of seisin, which, if broken at all, is broken immediately, cannot be assigned.

A court of equity will not support an assignment of *s*

chose in action made without a consideration, unless it is by an instrument under seal. As it does not appear in what manner this assignment was made, the consideration should have been set forth. Com. Dig. *Chancery*, 2 *H.*

*Per Curiam.* We are satisfied that no subject is more proper for the power of a court of chancery in decreeing specific execution, than a contract for the sale of real estate; for what is agreed to be done, ought in conscience to be done.[1] And we think such contracts are clearly within the chancery powers granted by the legislature to this Court.[2] Nor is the remedy at law for damages complete or adequate; for the thing contracted for is wanted, and the value in money may often be an unsatisfactory compensation.

The objections to the assignment of the contract we think not supported. By the original stipulation the conveyance was to be made to the appointee of the obligee. The question of the validity of the assignment on account of the consideration, is a matter between the creditors of the obligee and the complainant. It is sufficient for the present bill, that an assignment is set forth, and that the condition upon which the conveyance was to depend is averred to have been performed. Whether the assignment is in legal form or not, may be inquired into on the trial of the merits.

*Demurrer overruled.*

Ensign
*v.*
Kellogg.

*May term,*
1827

---

[1] See Fonbl. Eq. (3d Amer. ed.) bk. 1. ch. 1, § 5, *p.* 48 *et seq.* note; *Telfair* v. *Telfair*, 2 Desauss. 271; *Seymour* v. *Delancy*, 3 Cowen, 445; 6 Johns. Ch. R. 225; *Anthony* v. *Leftwich*, 3 Randolph, 238; *Church* v. *Leiber*, 2 Paige, 43.

But the Court has no power to decree a specific performance of a contract, unless every part of it has been reduced to writing; *Brooks* v. *Wheelock*, 11 Pick. 439; even, as it seems, though a parol contract be confessed by the answer. *Stearns* v. *Hubbard*, 8 Greenl. 320. But see *Dark* v. *Bagley*, 2 Murphey, 33; *Jones* v. *Sluby*, 5 Harr. & Johns. 372.

Equity will decree a specific performance of a parol contract for the sale of land, where there has been a part-performance by the purchaser. *Tibbs* v *Barker*, 1 Blackford, 58; *Crocker* v. *Higgins*, 7 Connect. R. 342; *Downey* v. *Hotchkiss*, 2 Day, 225; *Simmons* v. *Hill*, 4 Harr. & M'Hen. 252; *Peifer* v. *Landis*, 1 Watts, 392.

[2] *Jones* v. *Boston Mill Corp. post*, 512, and notes to that case; Revised Stat. *c.* 81, § 8.