WILLIAM G. LANE *vs.* JOHN McKEEN & *ux.* & *al.*

An agreement by a married woman for the sale of her real estate, although made with the assent of her husband, and for a valuable consideration, is void in law, and will not be enforced in equity.

THIS is a bill in equity, in which the plaintiff alleges, among other things, that *Richard* and *Elizabeth Tappan* were seized of an undivided share in certain lands in her right, and in order to make an equitable and just partition thereof, between the respective proprietors, agreed by parol to convey her interest in this tract to an ancestor of the present plaintiff in equity, whose right he has, and suffered his said ancestor to enter into possession thereof; but that before the promised conveyance was made, *Richard* and *Elizabeth Tappan* died, and that the defendants, heirs at law of said *Elizabeth*, have instituted their suit at law to recover the same. The bill prays, that the defendants may be perpetually enjoined from proceeding in the suit at law. The answer states, that the said *Elizabeth* previously to the alleged agreement had been married to said *Richard Tappan*, and so continued until her death, and therefore was incapable of entering into any such contract.

*Fessenden & Deblois* argued for the plaintiff, and cited *Jaques* v. *Meth. Ep. Church*, 17 *Johns. R.* 548; *Powell on Con.* 124; *Osgood* v. *Breed*, 12 *Mass. R.* 531; *Downey* v. *Hotchkiss*, 2 *Day*, 225; *Duke of Bolton* v. *Williams*, 2 *Vesey, Jr.*, 155.

*Everett*, for the defendants, contended, that a post-nuptial contract, made by a married woman for the conveyance of her real estate, is not binding on her or on her heirs, either in law or in equity. 2 *Story's Eq.* § 1388, 1391; *Thomes, ex parte*, 3 *Greenl.* 50. He commented on the cases cited for the plaintiff, and insisted, that they were either cases of ante-nuptial contracts, cases of personal estate, or in other respects inapplicable to the present case.

After a continuance for advisement, the opinion of the Court was drawn up by

SHEPLEY J. — There are difficulties in the way of the plaintiff in maintaining this bill, which cannot be overcome. The contract

attempted to be proved to convey the real estate of the wife is not in writing, and it is not taken out of the statute of frauds by part execution. There has been no such delivery and change of the possession from one party to the other as is necessary for such a purpose. But it is not necessary to examine the testimony to prove this ; for the contract, had it been in writing, and signed by the husband and wife, could neither bind the wife, nor her heirs.

The argument for the plaintiff is, that in *England* a contract by husband and wife to levy a fine of the wife's lands would be decreed to be performed, the wife being separately examined, and assenting ; and *Powell,* and the cases referred to by him, are relied upon as authority for this position. It is then said, that our mode of conveyance by deed is a substitute for the conveyance by fine, and the same principle being applied, equity will decree the performance of a contract by husband and wife to convey her lands according to our mode of conveyance ; and the case of *Downey* v. *Hotchkiss,* 2 *Day,* 225, is relied upon as deciding the question as to the application of such a principle here.

The case of *Baker* v. *Child,* 1 *Vern.* 61, is the most direct authority for the exercise of such a power by the *English* chancery. That case, it is said in *Thayer* v. *Gould,* 1 *Atk.* 617, was erroneously reported ; and *Kent* says, it is not law ; and that an " agreement by a *feme covert* with the assent of her husband for a sale of her real estate is absolutely void at law, and the courts of equity never enforce such a contract." 2 *Kent's Com.* 167, and *note c.*

*Story* states the disability of the wife, and that it " can be overcome only by adopting the precise means allowed by law to dispose of her real estate ; as in *England,* by a fine, and in *America,* by a solemn conveyance." 2 *Story's Eq.* 617.

In the case of *Martin* v. *Mitchell,* 2 *Jac. & Walk.* 412, it was held, that an agreement by husband and wife to sell her estate was void as to the wife, and that courts of equity would not give relief against her on such a contract.

The case of *Downey* v. *Hotchkiss* does show one instance of the exercise of such power in *Connecticut,* but that case has been twice overruled in that State. And the principle is now there established, " that an agreement by a married woman with the assent

of her husband for the sale of real estate, and on a valuable consideration is void in law; and that courts of equity will never enforce such a contract against her." *Butler v. Buckingham*, 5 *Day*, 492; *Watrous v. Chalker*, 7 *Conn. Rep.* 224.

The case of *ex parte Thomes*, 3 *Greenl.* 50, decided such a contract to be void in this State.

*Bill dismissed, with costs for respondents.*