Hawkins *v.* Hunt et al.

---

MEREDITH HAWKINS, Plaintiff in Error, *v.* THOMAS HUNT et al., Defendants in Error.

ERROR TO JEFFERSON.

A court of chancery will not by a decree enforce the specific performance of a verbal contract for the sale of land ; unless such contract was clearly shown to have been in part performed, either by the payment of the purchase-money, the taking possession of, or the making of valuable improvements upon, the land.

Although a party may not be entitled to an injunction in the first instance, upon a bill not sworn to, upon a final hearing of the cause, the court will not refuse an injunction for that reason, if the party shows himself entitled to it.

THE decree complained of was rendered at September term, 1852, of the Jefferson Circuit Court; DENNING, Judge, presiding.

R. S. NELSON, for plaintiff in error.

D. BAUGH and R. F. WINGATE, for defendants in error.

TRUMBULL, J.   The substance of the complainant's case, as stated in his bill, is this: that in April, 1852, there was an agreement between the defendants Hunt and Conner, for an exchange of lands; that complainant and others had claims against Hunt, which complainant agreed to satisfy, and also to pay Hunt seventy-one dollars in addition, for which he executed a note payable at Christmas, 1852, in consideration whereof Hunt agreed by parol to convey to complainant, at the then next term of the Jefferson circuit court, the tract of land which he was to get from Conner, then occupied by a tenant of Hunt, but which Hunt authorized the complainant to go and take possession of, and receive the rents; that the complainant executed his note to Hunt, and paid off the claims against him, as he had agreed to do, and notified the tenants in possession of his purchase, of which fact Conner was also apprised; that Hunt had refused to comply with his parol agreement; that he and Conner had fraudulently destroyed the contract between them for an exchange of lands, and Conner had got possession of the tract agreed to be conveyed by Hunt to the complainant, and that Hunt was insolvent, and threatened to transfer complainant's note before it fell due to some *bonâ fide* assignee.   The bill prays for a specific performance of the parol contract, and that Conner may be compelled to unite with Hunt in a deed to the complainant, and also for general relief.

The defendants, who were Hunt, Conner, and Conger, the tenant in possession, demurred severally to the bill.   The circuit court sustained the demurrers, and dismissed the suit; and those decisions are now assigned for error.

It is very clear that the complainant cannot attain the main object of his bill.   Although courts of equity have been sometimes reproached with having, by construction, frittered away the statute of frauds and perjuries, yet no court has ever gone

so far as to decree the specific performance of a verbal contract for the sale of land, unless such contract was clearly shown to have been in part performed, either by the payment of the purchase-money, the taking of possession, or the making of valuable improvements. Neither of these things is clearly stated to have been done in this case. The complainant does, indeed, in one part of his bill, attempt to show that he has paid the purchase-money and had possession of the premises; but when he comes to state how, it is manifest that only part of the consideration has ever been paid, and that he never did have the possession in fact, but the premises were all the while occupied by Conger, without the payment or promise to pay any rent to the complainant, till Conner himself entered upon them.

The bill, moreover, seeks the specific performance of two contracts, to one of which the complainant was a stranger, and it is objectionable in that respect. Hunt has not now, nor did he ever have title to the premises; but in order to a specific performance of the contract with the complainant, it is first necessary to enforce specifically the contract for an exchange of lands between Conner and Hunt, and that too at the instance of a third person, and against their wishes.

So far as Conner and Conger are concerned, the demurrers were rightly sustained; but there is an allegation in the bill that Hunt is insolvent, and that he is threatening to transfer complainant's note to a *bonâ fide* assignee. This allegation clearly entitles the complainant to relief as against Hunt, in order to his protection against the note.

It was suggested on the argument that the bill was not sworn to, and that therefore the complainant was not entitled to an injunction to prevent a transfer of the note. He may not have entitled himself to an injunction, in the first instance, on filing his bill, without having sworn to it; but if, upon a final hearing, the case shows that he is entitled to an injunction to prevent a transfer of the note, or to a decree requiring it to be surrendered up and cancelled, or to any other relief, the court will not refuse to grant it, because the bill was not sworn to.

That portion of the decree sustaining the demurrers filed by Conner and Conger, and dismissing the bill as to them, is affirmed; and so much of the decree as sustains the demurrer filed by Hunt, and dismisses the bill as to him, is reversed, at his costs, and the cause as to him is remanded for further proceedings.