PERRY and others *v.* MECHANICS' MUTUAL INS. CO.

*(Circuit Court, D. Rhode Island.* March 11, 1882.)

**1. INSURANCE—CONVEYANCE BY MARRIED WOMAN—CONTRACT, WHEN VOID.**

A parol contract to convey land made by a married woman without her husband joining in its execution, even if made with her husband's consent, is void *ab initio* under a statute which provides that a married woman may convey real estate by deed in which her husband joins. No insurable interest can exist under such a contract.

**2. INSURABLE INTERESTS—SEVERALTY ON JOINT INSURANCE.**

Where a building was located on the division line of the lands of two different persons, each being a half owner of the building, and they jointly take out a policy of insurance on the building, and it afterwards transpires that one of them had no insurable interest in the building, this fact alone will not prevent the other party from recovering the insurance, in case of loss of the building by fire, to the full extent of the interest she has in the policy. Insurance without insurable interest, if included in the same policy with interests which are insurable, does not vitiate the policy except as to the non-existent interest.

**3 ASSIGNMENT OF POLICY—EFFECT ON INSURABLE INTERESTS.**

Where property insured is alienated, and all rights under the contract of insurance are properly assigned, the contract becomes an insurance on the property of the assignee, and ceases to be an insurance on the property of the assignor; but where, in case of loss, payment merely is to be made to a third party, the insurable interest in the property must belong to the assignor at the time of the loss.

4. SAME—SUFFICIENT PROOF OF LOSS—WAIVER—ESTOPPEL.

Where the insurance agent, clothed with full powers, specifically agreed to a waiver of proof of loss, such waiver is conclusive, and the company is estopped to deny such waiver on the ground that a written stipulation for arbitration, afterwards signed but never carried out, says that the agreement to arbitrate shall be subject to the terms and conditions of the policy.

5. PRACTICE—CONFORMITY WITH STATE RULES.

United States courts conform as near as may be to the practice, pleadings, and modes of procedure in civil cases, other than equity and admiralty, with the rules of practice of the states in which they are held.

6. SAME—MISJOINDER OF PARTIES.

Where the state statute provides that no action shall be defeated on account of the misjoinder of parties, if the matter in controversy can be properly dealt with and settled between the parties before the court, and that the court may order any party improperly joined to be stricken out, the same practice will be adopted by the United States courts held in that state.

At Law.

*Thomas A. Jenckes, Charles A. Wilson, Francis W. Miner,* and *Wm. G. Roelker,* for plaintiffs.

*Beach & Allen* and *Henry B. Hyde,* for defendant.

COLT, D. J. This is an action upon a policy of fire insurance, and the case was heard by the court, jury trial having been waived. The policy insures Ellathea Perry and A. J. Perry in the sum of $500 on a barn upon their farm in Barrington, Rhode Island. It is dated January 21, 1880, and runs five years. It is in evidence that the fire occurred September 24, 1880, and that the building was totally destroyed. It further appears from the testimony that in 1877, when the title to the whole farm was in Ellathea Perry, she and her husband, John A. Perry, made a verbal agreement with their son, Adelbert J. Perry, to convey to him one-half of the estate; the understanding being that he was to live upon the farm and erect a house and barn upon his portion. The son entered into possession. A cottage was built on the land called his. The barn covered by this policy of insurance was also built, one-half being situated on the land considered as his, and the other half on the land of his mother, Ellathea Perry. The son, according to the evidence, paid for the cottage and one-half the barn. He first advanced $1,000 and then from $400 to $500. He afterwards built an addition to the house. From 1877 until the summer of 1880 he remained in possession of the premises including the house and one-half of the barn. Then it was decided and agreed that he should give up his interest in the estate to Ellathea Perry, in exchange for some property in Providence.

As part of this transaction we find, under date of September 3, 1880, an assignment on the back of the policy, by A. J. Perry, of all

his right, title, and interest in the policy to Ellathea Perry; and an indorsement of assent by the company through Snow & Barker, agents. The company now resists payment on several grounds. It is contended that the parol agreement or contract to convey being made by a married woman, even with the husband's consent, and though the person pays the purchase money, enters into possession, and makes improvements, is absolutely void under the laws of Rhode Island, which provide that a married woman may convey real estate by deed in which her husband joins; and that consequently A. J. Perry, at the time the policy was taken out, had no insurable interest in the property, and that therefore the policy is void, at least to the extent of this claim under it. But admitting that this agreement is void, as it appears to be, (Bishop, Married Women, vol. 1, § 601, and vol. 2, § 180; *Pitcher* v. *Smith,* 2 Head, 208; *Lane* v. *McKeen,* 15 Me. 304; *Warner* v. *Sickles,* Wright, 81; *Miller* v. *Hine,* 13 Ohio St. 565;) and admitting further that no insurable interest can exist under a contract which is *ab initio* void, and not enforceable in law or equity, as it seems is the law, (May, Ins. § 96; *Stockdale* v. *Dunlop,* 6 M. & W. 224; *Steinback* v. *Fenning,* 6 Eng. L. & Eq. 41; *Tuckerman* v. *Home Ins. Co.* 9 R. I. 414; *Columbian Ins. Co.* v. *Lawrence,* 2 Pet. 25, 47,)—still it does not follow that because one of the parties to a policy has no insurable interest it thereby becomes invalid.

Insurance without interest, if included in the same policy with interests which are insurable, does not vitiate the policy except as to the non-existent interest. It remains valid for so much as constitutes a legitimate insurable interest. May, Ins. § 74; *Peck* v. *New London Ins. Co.* 22 Conn. 575.

If A. J. Perry, therefore, had no insurable interest, Ellathea Perry could still recover to the extent of her interest; and in this case it so happens that if no interest in the land or buildings passed to A. J. Perry under the agreement and subsequent proceeding, all right and title to the whole premises, and so to the whole of the barn insured, remained with Ellathea Perry, and consequently her insurable interest would cover the whole of the property, and she could recover the full amount of the claim. This would clearly be so in the absence of any condition in the policy requiring the true title or interest of the assured to be stated, which is the case here. That one of the assured should prove to have a good title to the whole of the property can hardly be considered the concealment of a material fact, for it is difficult to see how it affects the risk. On the other hand, if we assume that an insurable interest of some kind in the building existed

in A. J. Perry at the time the policy was made, which is doubtful under the authorities, still we are of the opinion that the assignment was a valid transfer to Ellathea Perry of that interest, so that she thereby became the holder of the right to the whole policy. *Fogg* v. *Middlesex Mut. Fire Ins. Co.* 10 Cush. 337.

We are also of the opinion, the testimony being that the agent of the company was notified that A. J. Perry had given up his interest in the property insured to Ellathea Perry, followed by the assignment, on the back of the policy, of all his right, title, and interest to her, with the written assent of the company, that this was a substantial compliance with that condition in the policy which provides, among other things, that "if said property is sold, (except when payable to a mortgagee,) or if this policy is assigned without the written consent of the said company, or if the assured makes any attempt to defraud the said company, that in every such case the risk thereupon shall cease and determine, and the policy be null and void, unless confirmed by a new agreement written thereupon, after a full knowledge of such facts or circumstances." The form of assignment is the kind adopted where the property is alienated, and the purchaser desires all rights under the contract transferred to him. Upon such an assignment the contract becomes an insurance on the property of the assignee, and ceases to be an insurance on the property of the assignor. It is different from another species of assignment where, in case of loss, payment merely is to be made to a third party; for there the insurable interest in the property must belong to the assignor at the time of the loss. *Fogg* v. *Middlesex Mut. Fire Ins. Co.* 10 Cush. 337.

As to the failure to furnish proofs of loss, the evidence of John A. Perry and A. J. Perry, standing uncontradicted, to the effect that an agent with full powers specifically agreed to a waiver, is conclusive. After making such a verbal agreement, upon the faith of which the assured may have acted, the company cannot now deny any waiver upon the ground that a written stipulation for arbitration, afterwards signed, but never carried out, says that the agreement to arbitrate shall be subject to the terms and conditions of the policy.

It is true that, in our view of the case, Adelbert J. Perry, trustee, has no interest in the subject-matter of the suit, and that he is, therefore, improperly joined as plaintiff. But the United States courts conform, as near as may be, to the practice, pleadings, and modes of procedure in civil causes, other than equity and admiralty, of that

of the states in which such courts are held. Rev. St. § 914. And it is provided in the Public Statutes of Rhode Island, (1882,) p. 555, § 33, that no action shall be defeated on account of the misjoinder of parties, if the matter in controversy can be properly dealt with, and settled between the parties before the court, and the court may order any party improperly joined in any action to be stricken out.

The name of Adelbert J. Perry, trustee, may be stricken out, and judgment entered in favor of the other plaintiffs for the amount of the policy, with legal interest from November 24, 1880.