[Filed April 22, 1889.]

## WALLACE, RESPONDENT, v. SCOGGINS, APPELLANT.

PAROL LEASE FOR TERM EXCEEDING ONE YEAR. — Under section 785, sub-
division 6, Hill's Code, an agreement for the leasing of land for a longer
period than one year is void, unless the same or some note or memoran-
dum expressing the consideration be in writing, and subscribed by the
party to be charged, or his lawfully authorized agent.

PAROL AGREEMENT — PART PERFORMANCE. — But where such parol agreement
was made, and the same has been partly performed, it is taken out of the
operation of the statute of frauds, and a court of equity has power to spe-
cifically enforce the same.

WHEN THE PLAINTIFF PARTLY PERFORMED A PAROL AGREEMENT for a lease
for more than one year, incurred expenses, and changed her circumstances

and condition to such an extent that a refusal on the part of the defendant to perform such parol agreement would operate as a fraud on the plaintiff, such agreement will be specifically enforced in equity.

SPECIFIC PERFORMANCE — LEASE FOR MORE THAN ONE YEAR. — An agreement for a lease for more than one year is an agreement for an "estate or interest in real property," and in a proper case may be specifically enforced in equity, on the same terms and under the like circumstances that any agreement concerning land is or may be specifically enforced.

APPEAL from Multnomah County.

*Williams & Wood,* for Respondent.

*A. H. Tanner,* for Appellant.

STRAHAN, J. — This is a suit in equity whereby the plaintiff seeks the specific performance of a parol lease of certain premises situated in the city of Portland. In her complaint, the plaintiff, in substance, alleges that on or about July 1, 1888, the plaintiff rented from the defendant the property in the city of Portland known as No. 247 Alder Street, for the term of two years, at the rent of forty dollars per month; that about the time said lease was made, and in pursuance thereof, plaintiff entered into the possession of the said premises; that she cut and fitted expensive carpets for the house, painted certain portions of the inside thereof, and expended a large sum of money in fitting up said house, to be used as a residence during said two years; that she purchased and placed in the cellar of said house a large quantity of coal and wood for her winter's supply, and that she regularly paid the rent at the end of each month, and has fully performed the contract of lease on her part; but that the said defendant, under the pretense that said lease was not in writing, commenced a suit against this plaintiff before B. B. Tuttle, a justice of the peace in Multnomah County, for the unlawful detainer of said premises, and prays that said contract of leasing may be specifically enforced, etc.

The answer denies most of the allegations of the complaint.

The case, being at issue, was referred to Hon. Raleigh Stott to take the evidence and report the same, together with his findings of fact and law thereon, to the court. He found the facts to be substantially as alleged in the complaint, but found as a conclusion of law that the renting was valid for the term of one year, and therefore that the plaintiff had an adequate defense to the action of unlawful detainer; and he consequently reported for the dismissal of the suit.

Exceptions were taken to the report by each of the parties. The plaintiff moved to confirm the report, except the conclusion of law.

The defendant moved to confirm all of the report except the first finding of fact, which is to the effect that the plaintiff had rented the house from the defendant, for the term of two years, at a monthly rental of forty dollars, for her residence. The court below sustained the plaintiff's exceptions, and overruled those of the defendant, and entered a decree specifically enforcing said contract against the defendant, from which he appealed to this court.

1. The first question presented for our consideration is one of fact. Did the defendant lease said property to the plaintiff on the terms alleged in the complaint? After a careful reading and consideration of all the evidence in the case on this subject, I think this question must be answered in the affirmative. The plaintiff testifies to the facts and circumstances intelligently and distinctly, and she is corroborated in her statements by other evidence.

In addition to this, the facts and circumstances attending her occupancy tend very strongly to corroborate her; on the other hand, the defendant's denials are uncertain and equivocal. It is true, he makes the denials when forced to it by the direct interrogatory of his counsel;

but when left to himself, the inference becomes very strong that the defendant bases his denial on the fact, not that the plaintiff did not enter into a parol agreement with him for the lease of the premises for two years, but on the ground that the lease was not in writing. His remark to Mr. Williams was: "She didn't get a lease"; and on another occasion he said: "She had no lease for the house."

2. But this contract, not being in writing, and being for a lease for a term exceeding one year, was, under sections 781 to 785, subdivision 6, Hill's Code, ineffectual, *at law*, to create such title or interest as the plaintiff claims under it. But the plaintiff alleges part performance of said agreement on her part, and relies upon that to take the case out of the operation of the statute, and to that aspect of the case our attention must be directed.

3. It appears from the evidence that the plaintiff, with the consent of the defendant, entered into the possession of said premises, pursuant to said contract, about the 1st of July, 1888, and continued to reside there, without objection from the defendant, until about the month of November, during which time she paid the defendant the rent stipulated by said agreement.

At the time or soon after she took possession of said premises, the plaintiff caused some shrubbery — rose-bushes and the like—to be removed to said premises and planted in the yard; she purchased some expensive carpets, and had them cut and put down in the rooms; she caused considerable paper-hanging and painting to be done about the house, and enough coal and wood to be placed in the cellar to last her during the winter next ensuing after her occupancy commenced. In short, she did everything that a tenant would have done who understood that his occupancy was for a greater length of time than from month to month.

Do these acts, as part performance of this lease, on the part of both parties to this lease, entitle the plaintiff to have the same specifically enforced? I think they do. They are substantial on both sides, and go to the substance of the contract, and it would hardly be possible to restore the plaintiff to the condition she was in before the acts were performed.

Relying upon the terms of the parol agreement, she incurred expenses, and changed her circumstances and condition, to such an extent that a refusal on the part of the defendant to perform operates as a fraud on the rights of the plaintiff. As I understand the rule, this is such a part performance of the parol agreement as takes the case out of the operation of the statute of frauds. (*Arnello* v. *Edinger*, 10 Cal. 150; *Hotchkiss* v. *Downey*, 2 Day, 225; *Wilde* v. *Fox*, 1 Rand. 165; *Kidder* v. *Barr*, 35 N. H. 235; *Hawkins* v. *Hunt*, 14 Ill. 42; *Johnson* v. *Hubbell*, 10 N. J. Eq. 332; *Eyre* v. *Eyre*, 19 N. J. Eq. 103; *Putnam* v. *Hattey*, 24 Iowa, 425; *Kay* v. *Watson*, 17 Ohio, 27; Waterman on Specific Performance, sec. 257.)

4. Upon the argument, counsel for the appellant insisted that though we might be satisfied that the parol agreement was made as alleged, and that there had been such part performance as would take the same out of the operation of the statute of frauds, still this is not the kind of a case in which a court would decree a specific performance, and that the plaintiff must fail for that reason. But in this I think the counsel is mistaken.

Pomoroy on Specific Performance, sec. 101, says: "As the statute speaks of lands, 'or any interest in or concerning them,' contracts to lease are both included within its terms, and are capable of being part performed so as to be taken out of the operation of the statute, and made enforceable in equity. In most of the American statutes all possible doubt upon this point has been removed by

adding a clause to the section concerning lands which expressly includes agreements to lease for a time not exceeding one year." This provision is found in our own statute. (Hill's Code, sec. 785, subd. 6; Taylor's Landlord and Tenant, sec. 32.)

But it is useless to follow the subject. The authorities are uniform in favor of the rule I have stated.

5. The finding of the learned referee to the effect that plaintiff's parol lease was good for a year, and therefore she had a good legal defense to the pending proceedings of unlawful detainer, did not go far enough. Her rights rest upon a more substantial equity than a defense to that proceeding. It is right to have the parol agreement specifically enforced by a decree so that the same shall be fixed and certain, and that she may not again be subject to be harassed and vexed by such a petty proceeding.

The decree of the court below was right, and the same is affirmed.