Argued March 31, decided April 26; rehearing denied May 24, 1910.

## JERMAN v. MISNER.

[108 Pac. 179.]

APPEAL AND ERROR—RECORD—SUFFICIENCY OF TRANSCRIPT.

1. Upon appeal from a decre for a trial *de novo*, appellant must incorporate in the transcript the evidence received in the lower court under the express provisions of Section 553, subd. 1, B. & C. Comp., and where the abstract of title to land, the title to which was in question, is not in the transcript, the sufficiency of the title cannot be inquired into.

FRAUDS, STATUTE OF—SALE OF LAND—PART PAYMENT AND POSSESSION.

2. Where a purchaser of land pays part of the price and takes possession, the sale is taken out of the statute of frauds so as not to require a written memorandum in order that the agreement may be specifically enforced.

From Marion: WILLIAM GALLOWAY, Judge.

For appellant there was a brief over the names of *Mr. George C. Brownell* and *Mr. Webster Holmes,* with an oral argument by *Mr. Holmes.*

For respondent there was a brief and an oral argument by *Mr. George G. Bingham.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is a suit by W. L. Jerman against J. L. Misner to enjoin the maintenance of an action to recover money, and to enforce the specific performance of a contract to convey real property. The facts are that the plaintiff

owns at Woodburn seven-tenths of an acre of land which he desired to sell, and offered J. H. Richards, a real estate broker, $100 if·he could secure $2,500 therefor. Richards having learned that Misner was viewing property in that city, took him to the land mentioned. The defendant remarked there was no driveway from the street to the barn, but was informed by the broker that immediately east of the fence Jerman owned a strip 10 feet wide which was used as a passageway. The defendant, relying on such representation, and being pleased with the property, consummated with the plaintiff October 5, 1907, an agreement whereby he stipulated to give for the land the sum demanded by assigning to Jerman a note for $1,000 which he held, secured by a real estate mortgage, and to pay the remainder of the consideration in cash within six weeks, plaintiff to furnish an abstract of the land so conveyed, while the vendee was to bring down a similar instrument of the subject of the mortgage mentioned. At the time the agreement was made nothing was said about the strip of land referred to, the defendant believing that it would be conveyed to him, while the plaintiff, not being the owner thereof, had no knowledge of any representations in relation thereto. Jerman had informed Richards that a 10-foot strip had been added to the original tract, which the broker supposed lay on the east and outside the fence, when in reality it was situated at the west and within the surrounding enclosure. The bargain having thus been struck, the defendant paid to Richards on account of the purchase price $420.80 and accepted a receipt therefor, in the nature of a memorandum of sale, which was subsequently amended by him in the presence of the parties and with their consent. The broker retained the commission offered, and gave the remainder of the money to Jerman, who removed his household goods from the premises, and Misner entered into possession thereof. When the abstracts were

exchanged, the defendant discovered that the plaintiff had no title to the strip in question, and a controversy immediately arose concerning the property. Jerman refused to return the entire sum received, whereupon Misner moved off the land and commenced an action to recover the cash payment already made. Jerman filed an answer in that action, and as plaintiff instituted this suit in the nature of a cross-bill. Having tendered to Misner a deed to the premises, including the 10-foot strip on the east which had been purchased, the sealed instrument was deposited with the clerk of the court upon the defendant's refusal to accept it. This suit, being at issue, was tried and the relief prayed for in the complaint granted, the decree stipulating, however, that, upon the defendant's failure within 60 days to assign to plaintiff the note and mortgage and to pay the remainder of the purchase price, all his right to the real property should be barred and his previous payment forfeited, and he appeals.

1. The plaintiff, as a witness in his own behalf, testified that the defendant objected to the condition of the title to the land and also to the lack of ingress to and egress from the barn along the way pointed out by Richards; that the witness, when he learned of the misrepresentation, offered to return $320.80, the sum he had received, which proposal not being accepted he proposed to buy the strip under discussion and to convey it to the defendant, who accepted the offer, providing the conveyance were made on or before the following Tuesday evening; that title to such strip was secured for $100, and, before the expiration of the time specified, a conveyance of the entire tract, including such strip, was tendered to the defendant, who refused to accept it or to pay the consideration which he had agreed to give, and moved off the land. The defendant testified that the offer made to him was to complete the abstract to show a title satisfactory to him individually and also to secure a deed to the strip on or before the day specified; and that, knowing the title could not be per-

fected within the time limited, he acceded to the proposition.

The transcript shows that the abstract of the Woodburn land was admitted in evidence, but was not transmitted to this court. It is impossible, therefore, to say whether or not the title to the premises is perfect. As this is an appeal from a decree and the cause was to be tried anew, it was incumbent upon the defendant, who is appellant, to incorporate in the transcript the evidence which had been received (B. & C. Comp. § 553, subd. 1), and his failure necessarily precludes any inquiry into the conditions of the title.

2. The same conclusion must be reached with respect to the memorandum of sale, which, though amended in the presence of the parties and received in evidence, has not been brought up. The sufficiency of the writing, however, becomes immaterial, for the complaint alleges, and the testimony shows, that, pursuant to the terms of the contract, the defendant paid a part of the purchase price, and took possession of the premises, which facts are adequate to take the case out of the statute and to authorize a court of equity specifically to enforce the terms of the agreement. *Wagonblast* v. *Whitney,* 12 Or. 83, 87 (6 Pac. 399) ; *Wallace* v. *Scoggins,* 17 Or. 476 (21 Pac. 558) ; *Cooper* v. *Thomason,* 30 Or. 161 (45 Pac. 296) ; *Sprague* v. *Jessup,* 48 Or. 211, 218 (83 Pac. 145: 84 Pac. 802: 4 L. R. A. (N. S.) 410.

It is unnecessary to make any observations concerning the testimony, a careful examination of which convinces us that, pursuant to the subsequent personal agreement made by plaintiff and defendant, a deed to the land, including the strip, was tendered within the designated time, and Misner's refusal to accept the conveyance and to perform his part of the agreement makes him responsible for the ensuing difficulty.

It follows that the decree must be affirmed, and it is so ordered.                                         AFFIRMED.