Argued November 16; affirmed December 13, 1932

## LING *v.* RICHFIELD OIL CO. OF CALIFORNIA
### (16 P. (2d) 643)

*Walter S. Asher,* of Portland, and *John H. Carson,* of Salem (Carson & Carson, of Salem, on the brief), for appellant.

*W. C. Winslow,* of Salem, for respondent.

CAMPBELL, J. This is an action brought by plaintiff to recover of defendant $2,075, as rental for certain real property, described as Lot 1, Block 2, Highway Addition to Salem, Oregon, on which is located a gas and oil service station. Plaintiff alleges, that on February 21, 1929, he leased the above property to A. C. Burke for a term of ten years; that on said date, A. C. Burke leased the same property to Smith and Gilbert, local distributors for defendant, for a term of ten years, commencing with April 1st, for a rental of $150 per month, payable in advance;

that on the same date, Smith and Gilbert sublet to A. C. Burke the same premises for $1 per month, Smith and Gilbert assigned said lease to defendant, who, went into possession of said property and occupied same until June 15, 1930; that on February 21, 1930, A. C. Burke sold and assigned all his right, title, and interest in said lease to Smith and Gilbert, to the plaintiff; that no part of said rent has been paid, and there is now due and owing $2,075.

Plaintiff, in what he refers to as his second cause of action, alleged his ownership of the above described property; that it had been used and occupied by defendant from April 20, 1929, until June 15, 1930; that the reasonable value of the rental thereof is $150 per month, none of which has been paid and that the sum of $2,075 is due and owing. This is the same rental and occupancy referred to in plaintiff's first cause of action under the alleged contract.

Defendant, in its answer, with the exception of admitting its corporate existence, a demand of payment, and non-payment, entered a general denial to both causes of action.

At the trial the court required plaintiff to elect between the two alleged causes of action and plaintiff elected to proceed on his first cause of action, being on the contract. The cause was tried to a jury. When plaintiff rested his case in chief, defendant moved for a non-suit on the ground that there was no written assignment by Smith and Gilbert to the defendant of the lease from Burke to Smith and Gilbert. This motion was overruled. At the close of all the evidence, defendant moved for a directed verdict on the same ground as that in his motion for a non-suit which motion was also overruled. The cause was then submitted

to the jury which returned a verdict for the plaintiff in the full amount prayed for. Defendant appeals.

The pleadings present a cause for the contract price of the rental value of certain real estate occupied by appellant for a definite length of time. However, Brete Harte's "heathen chinee" had nothing in "ways that are dark, and tricks that are vain" on the devious method by which the contractual relations between respondent and appellant were established. It will be observed that respondent claims that he leased the ground to A. C. Burke, that Burke leased the ground to Smith and Gilbert, that Smith and Gilbert leased the ground back to A. C. Burke, that Smith and Gilbert assigned their lease to appellant, and that Burke sold his interest back to respondent.

The record discloses, that on February 21, 1929, the respondent, A. C. Burke and Sterling Smith, met with George H. Gage, district manager of the appellant, at the appellant's offices in Portland and that on said date all these transactions took place and that all of the above leases and assignments were executed. Mr. Smith, at that meeting, was representing Smith and Gilbert, local distributors of appellant. The respondent claims that at that time and place Smith and Gilbert assigned their lease to the appellant, and that said assignment was at that time accepted by George H. Gage, the district manager of appellant, for and on behalf of appellant.

Appellant claims that Mr. Gage, its district manager, had no authority to accept said assignment and that it never accepted said assignment and that said assignment was not to be complete until it should be approved and accepted by the head office of the company in Los Angeles, California.

The question to be determined is, was the appellant in possession of the leased premises, under the lease, by its agent, A. C. Burke?

Shortly after the lease was entered into, and Mr. Burke took possession of the service station, the appellant had the station painted in what it terms the colors of the Richfield Oil Company with its name in large and blaring letters painted thereon. The name of A. C. Burke also appeared, but much less conspicuously. Appellant had complete control of the sales and activities of the station which it confined exclusively to "Richfield products. 100 per cent."

The respondent was about to construct the service station on the strength of the lease, and as the lease was about to be sent to Los Angeles he desired the agent of appellant, Mr. Gage, to give him some written assurance that the deal was consummated before he expended his money. Thereupon, he received from Mr. Gage the following letter:

"        RICHFIELD OIL COMPANY
                of California.
        Portland, Oregon.
        February twenty-second,
                1929

Mr. E. E. Ling,
Salem, Oregon.

Dear Sir:

Confirming my conversation with you of this morning, I have gone over your lease papers with Mr. Burke and Smith and Gilbert on the service station which you are constructing at Salem, and hereby approve the lease contract made by Smith and Gilbert, our authorized distributors and Mr. Burke.

These papers will be forwarded to Los Angeles for record and your copy returned at our earliest convenience.

Sincerely yours,
RICHFIELD OIL COMPANY,
Geo. H. Gage,
District Manager.                    ''

Sterling Smith of the firm of Smith and Gilbert, local distributors of appellant, being called as a witness on behalf of appellant, testified, in effect, that the dealings of his firm were carried on in connection with the appellant, sometimes with the district manager, Mr. Gage, and sometimes directly with the appellant in Los Angeles.

"Q. Who, in the Los Angeles office did you deal with?

"A. The different department heads, depending on the department you were dealing with, or to expedite matters, the Portland office, which was more or less of a clearing house for the Los Angeles office. We operated through the Portland office, and the Los Angeles office operated through the Portland office, and in some instances, we operated directly with the Los Angeles office."

The record discloses that the lease was executed by A. C. Burke to Smith and Gilbert and the testimony leaves little doubt but it was assigned to appellant, and sent to appellant at Los Angeles either for record or acceptance. The record does not disclose the exact date on which the lease was returned but it was sometime in the latter part of April or the first of March. When it was returned, it had a rider attached changing it from a straight monthly rental to a gallonage rental. In the meantime, before its return, respondent had completed the construction of the service station at a

cost of $6,500 and appellant, through its agent, A. C. Burke, had taken possession. The lease as modified was not accepted by respondent. The occupancy of appellant continued until it was notified to quit by respondent.

There is no real denial on the part of appellant of its occupancy of the premises. It claims that such occupancy was under the lease as modified by its Los Angeles office. At the time appellant took possession of the premises, their district manager, Mr. Gage, knew, their local distributor, Smith and Gilbert, knew, and Mr. A. C. Burke, in charge, knew, that the rental was for the benefit of respondent and was to be paid to him. All the parties also knew that appellant was the one to occupy the premises and who should pay the rental. If appellant was in possession, and the jury so found, and there is little doubt but that it was, then the only contract that gave it the right to such possession was the lease that was assented to by the other parties concerned. The only lease accepted by Mr. Burke and Mr. Ling is the one executed by them. It is true, as appellant contends, that a lease of real estate for a longer term than one year must be in writing: Oregon Code 1930, § 9-909. If this were an action for the rent, and the appellant had not been in possession during the time for which rent was claimed, then the assignment of the lease would fall within the statute of frauds and be unenforceable unless in writing. Respondent is not asking that the lease be enforced in all its provisions for the full term, but is only asking that the appellant pay for such use and occupancy of the premises as it has already had. Such a recovery may be established without a written lease and without a written assignment of a written lease:

*Rosenblat v. Perkins,* 18 Or. 156 (22 P. 598, 6 L. R. A. 257) ; *Wallace v. Scoggins,* 17 Or. 476 (21 P. 558).

While there is some evidence tending to show that there was an actual written assignment, under our view of the case such evidence is unnecessary. The court did not err in overruling the motion for a nonsuit or motion for a directed verdict.

Error is also based on certain instructions given by the court touching the necessity of a written assignment, but the instructions complained of were more favorable to appellant than the facts in the case justified.

The judgment of the circuit court will be affirmed.

It is so ordered.

BEAN, C. J., BELT and KELLY, JJ., concur.