## MORRIS MILLER v. LAURA J. HINE.

1. A deed made by a married woman, not in conformity with the statute, her husband not joining with her in the conveyance, is a *nullity*; and as a contract for a conveyance is alike *void*.

2. Such failure of the husband to join in the deed, is not an "omission" within the meaning of the proviso of the 28th section of the second article of the constitution, so as to be *cured* by a judgment rendered in accordance with the provisions of the act of April 17, 1857. *Goshorn* v. *Purcell*, 11 Ohio St. Rep. 646, followed and approved.

DEMURRER to petition. Reserved in the district court of Summit county.

The plaintiff, Miller, filed his petition in the court of common pleas of Summit county, May 25, 1857, against the defendant, Luara J. Hine, stating in substance:

That, on or about July 1, 1848, he purchased of her and her then husband, certain described real estate in that county, and paid them for the same, at the time, two hundred dollars

in money, and conveyed to them, in fee simple, sixty acres of land in Indiana.

That at the time the plaintiff purchased the property of the defendant and her husband, the title to the same was in her, in her own right, but that the husband also participated with the defendant, his then wife, in the sale, and that she received the money.

That on the day he purchased the property of the defendant and her husband, to-wit, July 1, 1848, a deed for the same was made by the defendant, Laura J. Hine, to the plaintiff, but that, by mistake, the magistrate who prepared the deed, and before whom it was acknowledged, omitted to join the defendant's husband with her in the deed, and that the same was executed by her alone; but that both wife and husband supposed, at the time, that they were giving to the plaintiff a good and sufficient deed, vesting in him the title to the property, but that, by the mistake mentioned, the deed is defective.

That at the time of the execution of the deed, the defendant and her husband put the plaintiff in possession of the property described in the deed, and that he has occupied and controlled the same from that date up to about May 1, 1857, when the defendant took possession of the property.

That the plaintiff caused the deed to be duly recorded July 20, 1848, and that, since he purchased, he has made valuable and lasting improvements on the property, and has expended thereon about two hundred dollars.

That since the execution of said deed the defendant and her husband have been divorced, and that she is now a *femme sole*.

That she now seeks to take advantage of the defective execution of the deed, and, for that purpose, has commenced an action in said court, to recover possession of the premises, and that the action is now pending, and that the defendant is irresponsible.

The petition contains a prayer that the defendant be, until final hearing, enjoined from the further prosecution of her said action, and from selling, or in any way conveying, to any

other person, or incumbering her pretended interest or claim in the property, or interfering with the possession of the same, and that, on final hearing, the injunction be made perpetual, and the defendant be ordered by the court to correct the deed, or make to the plaintiff a new one, vesting in him a perfect title to the property, and, in default thereof, that the order of the court be declared to have that effect, etc.

The probate judge allowed a temporary injunction, as prayed for.

The defendant demurred to the petition, on the ground that it does not state facts sufficient to constitute a cause of action.

The case having been appealed to the district court, the questions raised by the demurrer to the petition were therein reserved to this court for decision.

*McClure & McKinney*, for plaintiff.

*M. C. Read*, for defendant.

By THE COURT—The defendant, Laura J. Hine, during coverture, and without joining her husband, executed to the plaintiff a deed·for the land in controversy, received a part of the consideration, and put him in possession. He shows a very strong equity to be protected in his enjoyment of the property ; but he calls for relief beyond the equity powers of this court. That a deed made by a married woman, not in conformity with the statute by joining with her husband in the conveyance, is a *nullity*, and that a contract for a conveyance is alike *void*, are propositions already settled by repeated decisions of this court.

Indeed, this is not controverted by the plaintiff's counsel; but he insists that the failure of the husband to join in the deed was an " omission " within the meaning of the *proviso* of the 28th section of the 2d article of the constitution, and may be *cured* by a judgment rendered in accordance with the provisions of the act of April 17, 1857.

This position has been distinctly answered in the case of

*Goshorn* v. *Purcell*, 11 Ohio St. Rep. 646. It is there said " If the instrument or proceeding be such that, in the absence of any omission, defect or error, it would have been inoperative, then it can not be regarded as within the meaning of the proviso. For example, the written agreement of Lorenia Goshorn to convey her estate, she being a married woman, would have been inoperative and void; and, though in one sense *an instrument*, it could not be deemed *such* an instrument as was intended by the proviso." * * * "The proviso proceeds on the assumption that the instrument or proceeding, but for the omission, defect or error, would have conformed to the laws, and therefore have carried into effect the intention of the parties. It, therefore, does not extend to any instrument or proceeding not authorized by the laws of the state, as a valid and effectual expression of the intention of the parties. It does not authorize the general assembly *to give power or capacity to parties* not possessed when any instrument or proceeding was made or had. An attempt to do this would come within the prohibition against retroactive laws."

In the case before us, we have no " deed of husband and wife " to correct, but simply a *void* deed of the wife, which she had no capacity to make.

The injunction must be dissolved, and the petition dismissed.