Scott, J.
It is not denied in this case but that the plaintiff has a regular and perfect paper title to the premises in question, and her right to recover the possession of them is unquestioned, unless the facts found by the court below debar her from such right of recovery, and give to the defendant a right to their permanent occupancy and use.
It is not claimed that the plaintiff has ever, by deed executed pursuant to the requirements of the statute, conveyed any interest whatever in the premises to the defendant. But the claim is, first, that the facts found by the court show a statutory dedication of the premises for defendant’s use. It appears that, on the 30th of October, 1850, she united with her husband in the execution and acknowledgment of the plat of a portion of her lands adjoining the village of Columbiana, which they had caused to be laid out into town lots, with streets, alleys, &c., and designated as the “ southern addition to the town of Columbiana.” The line of defendant’s railroad had been previously located over the lands constituting this “addition,” and was shown on the plat. The premises in controversy were marked upon this plat by boundary lines, of which neither the length nor the included area was stated, but the lot was marked and designated as the “Depot of Ohio & Penna. R. R.” It is claimed that the execution, acknowledgment, and recording of this plat constituted a dedication of the lot in question to the defendant, or rather to the Ohio and Pennsylvania Railroad Company, to whose rights in that behalf the defendant has succeeded. But we cannot concur in this view. A dedication is an appropriation of lands to a public use. In such case the direct beneficiary is the public. "Wherever the legal title may be vested, the right to the use is in the public. But the defendant here is a private corporation. Its road, its rights of way, its depots, its offices, its rolling stock, &c., are all, not public, but private property. They are owned by the defendant. But among the various methods by which private property may be acquired, dedication is not one. The statute provides that railroad companies may acquire sites for depots, &c., by donation, by purchase, or by appropria *525 tion. In the case of a donation or purchase, a formal conveyance is necessary to pass title. In case of an appropriation, the interest is acquired by the judgment of the court in which the proceedings are had. But no provision is made for acquisitions by dedication. It is but a fallacy to suppose that there is a dedication in the case, merely because the defendant, for its own gain, has assumed toward the public the relation of a common carrier.
The act of the plaintiff and her husband, in marking the lot, upon the plat, as the depot of the railroad company, certainly indicated that they expected it to become the private property of the corporation whose name' it bore, and not that they intended to dedicate it to a public use.
It is farther claimed for the defendant, that if the case be not that of a dedication to a public use, yet that, on a principle analogous to such dedication, the plaintiff is estopped to lispute the right of the defendant to the possession of the land in question.
The plaintiff in her reply denies that she ever held out any inducements to the railroad company, by which it was induced to change the route of its road, as alleged in the answer. The court found that her husband, John Todd, in October, 1849, for the purpose of inducing the railroad company to locate the line of its road over plaintiff’s land, and to put its depot thereon, proposed in writing to said company to grant if the right of way for its road over said lands, and also to give it a piece of land one hundred feet wide and eight hundred feet long for a depot; but it is not found that this proposition was made with the knowledge or assent of plaintiff, nor that the railroad company was induced thereby to select the present location for the line of its road. It was farther found, that the plaintiff with her husband did convey to the railroad company the right of way for its road, in May, 1850; and it appears from the pleadings in the case and the findings of fact that she has always acquiesced, and still acquiesces, in the occupancy by defendant of so much of the depot grounds, so called, as has in fact been hitherto occupied, or is at present necessary *526 for depot purposes. It is, therefore, by no means certain that her present claim is inconsistent with the obligations of the strictest good faith. But were it otherwise, were the acts of her husband to be regarded as her acts, still it is to be borne in mind that she was, during all this time, a feme covert, subject to and protected by the disabilities incident to coverture. Immediately after the death of her husband in 1851, she asserted to defendant her present claims; and nothing is shown to have since occurred which could affect her rights as against the railroad company. During her coverture she had no. power to bind herself by contract. No agreement of hers for the conveyance or incumbrance of her real estate, however solemnly entered into, could be enforced by a decree for specific performance. She could only dispose of or encumber it in the mode prescribed by the statute. Purcell v. Goshorn, 17 Ohio, 105; 10 Ohio, 117; Miller v. Hine, 13 Ohio St. 565.
And what she could not deprive herself of by direct and express contract with the defendant, we think it clear that she could not lose by the indirect method of an estoppel in pais, arising from facts such as those found in this case.
The judgment of the court below must be reversed, and judgment entered for the plaintiff.
Brinkerhoff, C.J., and Welch, White, and Day, JJ., concurred.