Welch, J.
The case presents two questions: 1. Is the alleged mistake in the deed of Mrs. Kugler one which, under the constitution and laws of Ohio, the court has power to correct ? 2. If it be such, is the mistake sufficiently proven ?
We decide both these questions in the affirmative.
The power of courts to correct such mistakes, that is, mistakes in the deeds of married women, is derived from the act of 17th April, 1857 (S. & C. 694), which this court has heretofore held to be in conformity to the 28th section of article 2 of the constitution.
The act provides in substance: “That the courts of this State ” [having competent jurisdiction] “may correct, amend, and relieve against any errors, defects or mistakes occurring in the deed or other conveyance of any husband and wife, heretofore or hereafter to be executed and intended to convey or encumber the lands or estate of the wife, or her right of dower in the lands of her husband, in the same manner and to the same extent.... as against other persons.”
That the provisions of this act are broad enough to cover cases like the present, is fully decided in the cases of Goshorn and Wife v. Purcell, 11 Ohio St. 641, and Miller v. Hine, 13 Ohio St. 565. In the latter case the court refused to reform the deed, simply on the ground that the deed was void, having been executed by the wife alone, and not in conjunction with her husband. There was in that case no deed to reform. The so-called deed was a nullity. To grant the relief sought there, would have been to make a deed for the wife. In the present case there is in fact, and in law, a deed. It binds the wife, and the only question is, how and to what extent it should bind her. The statute says; substantially, that it may be made to bind her according tc *492 . the intention of the parties. How is this to be done? Not merely by correcting mistakes and supplying omissions which relate to the solemnities and forms of its execution, but .as well those which relate to its operative words of conveyance, or the body of the deed. Where a deed has in fact been executed, the power of the court to correct mistakes occurring therein is by the statute made as broad as the liability of the parties to fall into such mistakes, provided only that they be mistakes which, in equity, ought to be corrected. The case of Goshorn v. Pwrcell, in which the relief sought was granted, is identical with the present case, so far as this question is involved. The only difference between the two cases is, that in the former, the wife owned the entirety of the land intended to be conveyed, and in the latter she owned but a moiety of it, as tenant in common with her husband. In both cases the deed was intended to be in execution of the husband’s contract, and was intended to be for the conveyance of the entire premises; and in both, the mistake consisted in the omission to insert the wife’s name in the granting part of the deed. In both eases the consequences of the mistake were the same, namely, to leave the wife’s fee in the land unaffected by the conveyance. The fact that in the case of Goshorn v. Purcell the wife had no dower interest to be affected by the deed, and that in the present case she had a dower right in her husband’s undivided interest, makes no essential difference. In both cases her intention to convey her own land was defeated by an omission to insert her name in the granting clause of the deed. In order to make the deed a proper^ subject for correction by the court, it is surely not necessary that it be a deed like that in the case of Goshorn v. Purcell, which has no effect conveys no estate. If its effect is to convey more, or less, or anything other than what the parties intended, it is within the plain reading of the statute.
But is the evidence sufficient to establish the fact of mistake ? The testimony of the witnesses Ann Thompson and Robert Wiley, unaided by other evidence, would clearly be *493 insufficient. Such testimony should always be received with' caution, and more especially so when used to impeach a written instrument. But this testimony does not stand alone It is in harmony with the admitted facts, that the husband sold and agreed and intended to convey the entire premises, that he received a full consideration therefor, and that the grantors have been allowed for a long period of time to remain in undisturbed possession. These facts themselves go far towards proving that the wife intended more than the mere release of her dower right in her husband’s moiety of the property. Added to these pregnant facts is to be considered also what appears upon the face of the deed itself, and, in connection therewith, what appears upon the face of the other deed executed at the same time, and in part performance of the same contract — for these two deeds, being m joari materia,, may well be regarded together as constituting parts of one and the same transaction. In the deed of Wiley and wife, where the admitted intention and contract was to convey an undi/oided part of the premises, the scrivener has-described that undivided part in exact and appropriate language. In the deed in controversy, sweeping and unmistakable words for the conveyance of the entire premises are used. Is it at all probable, in the latter case, that what th£ parties really meant was to convey to Wiley and wife-merely the husband’s fee in the undivided half of the premises, free from dower, and the husband’s inchoate estate of courtesy in the wife’s half? Such seems to be the legal effect of the deed; but it seems to us morally certain that such was not the intention of the parties. The truth of the • matter evidently is, that the same mistake was made as that relieved against in the case of Goshorn v. Pureell, a mistake which unpractised scriveners are doubtless quite-liable to fall into — that of adopting for the conveyance of the wife’s property, by deed of the husband and wife, the same form of deed used in conveying the property of the-husband with release of dower by the wife. We think the evidence renders it quite clear that such a mistake was made. *494 in the execution of this deed, and that the plaintiff is entitled to the relief he asks.

Decree for flmntiff.

Scott, C. J., and White, Hay, and McIlvaine, JJ., concurred.