## Case No. 11,554.

### RANDALL v. KREIGER.

[2 Dill. 444;[1] 7 West. Jur. 625; 5 Chi. Leg. News, 465.]

Circuit Court, D. Minnesota. June, 1873.[2]

DOWER—EXTENT OF LEGISLATIVE CONTROL—DEFECTIVE DEEDS—CURATIVE ACT
—LEGISLATIVE POWER.

1. The act of the territorial legislature of Minnesota of 1857 (Laws 1857, p. 29), validating conveyances of lands made under a joint power of attorney from husband and wife, is constitutional as respects prior deeds, when no vested rights are infringed.

2. The right of dower is inchoate and contingent until the death of the husband, and before that event is, as respects the wife, under the absolute control of the legislature; and it is competent for the legislature to enact that deeds theretofore executed, under a joint power of attorney from husband and wife, shall be binding: and if both husband and wife are living at the date of such enactment, the wife cannot, after the death of the husband, claim dower on the ground that she had no legal power to join her husband in appointing an attorney in fact at the time the latter acted under the letter of attorney, and made a deed for value, purporting to convey a good title and to bar her dower.

[Cited in Thornburg v. Thornburg, 18 W. Va. 528; Walker v. Deaver, 79 Mo. 677.]

This is a bill in equity for dower. The complainant [Sarah Ann Randall] is the widow of John Randall, of New York, who died in 1869. She and her husband were married in 1848, and never resided in Minnesota. The husband became seized of the land in which dower is claimed in 1849; and the same was conveyed by deed dated January 16, 1855, which deed, by virtue of a letter of attorney, was made to the grantor of the defendant [Louis Kreiger]. This letter of attorney is dated on the 11th day of April, 1849, is signed by John Randall and by the complainant, and was acknowledged in the city of New York on the same day, before a commissioner of deeds. It authorizes the attorney in fact, one William H. Randall, "for us, and in our names, to sell all real estate belonging to us, or either of us, in Minnesota, in such lots, and for such prices, and on such terms, as in his judgment he may deem best; and to execute and deliver to the purchasers good and sufficient deeds, or contracts of sale or other instruments in writing requisite to receive the purchase money," etc., etc. This was recorded, and not revoked until 1859—over ten years. Meanwhile, viz., January 16, 1855, in consideration of $3,000, the attorney in fact, in the name of John Randall and Sarah Ann Randall (the complainant), conveyed by warranty the lots in which dower is now claimed to one Smith, under whom the defendant derives title. The plaintiff is the sole legatee and devisee of her husband, who died in New York, leaving an estate of over $100,000 in value, of which she has received, up to this time, from the executor under the will, about $50,000.

This is one of many similar cases pending in this court.

Lorenzo Allis, for plaintiff.

Bigelow & Clark and Messrs. Lamphreys, Horn, Heard, Otis, and others, for defendant.

DILLON, Circuit Judge. This is a bill in equity by Mrs. Randall to recover dower. The seizen was after the marriage, and the alienation by the husband (for it is conceded that the deed made by the attorney in fact binds the husband) was in 1855. His death occurred in 1869.

The defendant's counsel resist the claim for dower upon several grounds:—

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 23 Wall. (90 U. S.) 137.]

1. Because, as they contend, the statute in force in 1855, when the alienation was made, only gave dower to non-residents in lands of which the husband died seized. Rev. St. 1851, p. 219, § 21.

2. Because, as they contend, the joint deed of herself and husband, made by the attorney under the power, had the effect, under the legislation existing at the time, to bar the dower.

3. Because, as the conveyance was by warranty, and as the plaintiff is the sole legatee and devisee under the will of her husband, and has claimed under it, she cannot, in equity, be allowed to maintain what is in effect a suit against the estate of her husband, since, if she recovers her dower, his warranty is thereby broken, and his estate liable on the covenants in the husband's deed, and this amount she will have to pay as the sole party interested in his estate.

As I do not place my judgment upon any of these grounds, I do not deem it necessary to examine them. I am of the opinion that the case falls within the curative or remedial provisions of the act of 1857 (Laws 1857, p. 29), and that this act, having been passed before the right to dower became consummate by the death of the husband, is a valid exercise of legislative power.

This act provides as follows: "A husband and wife may convey, by their lawful agent or attorney, any estate or interest in any lands situate within the territory; and all deeds or conveyance of any such lands, whether heretofore or hereafter made under a joint power of attorney from the husband and wife, shall be binding, and shall have the same effect as if made by the original parties."

If it be true, as complainant's counsel insists, that the deed made under power of attorney to Smith was not effectual to bar her dower, by reason of her inability, under the state of the statute law, to appoint an attorney to act for her, this is cured by the express terms of the enactment of 1857, and the only question that can be made is as to its validity as respects prior conveyances.

Until the death of the husband, the right to dower is inchoate and contingent. It becomes consummate only upon that event. In my opinion, the better view is, that while the right remains inchoate, it is, as respects the wife, under the absolute control of the legislature, which may, by general enactment, change, abridge, or even destroy it, as its judgment may dictate. See Lucas v. Sawyer, 17 Iowa, 517, 521, and authorities cited. "So," says Wright, C. J., in the case just cited, "the legislature may declare what acts of the wife shall amount to a relinquishment of her right of dower; or that her deed shall be effectual to bar the same." Again, he says: "In measuring her right, we look to the law in force at the time of the husband's death, for it is this event which ripens or makes consummate the prior

right, which, so long as it rested upon the marriage and seizin, was inchoate only. If there was no law in force at that time giving her the right, then it is extinguished. She cannot take under a law repealed prior to that time. And taking a law then existing, she must take it with its restrictions and limitations."

It was competent, therefore, for the legislature to say, as respects all inchoate rights of dower, as it did say by the act of 1857, that deeds executed under a joint power of attorney from husband and wife "shall be binding," and, if binding, the claim of the wife here to dower is barred, for she joined in the power of attorney under which the deed was made. Of the constitutionality of the enactment, there remains no question after the repeated decisions of the supreme court of the United States. See Satterlee v. Matthewson, 2 Pet. [27 U. S.] 380; Watson v. Mercer, 8 Pet. [33 U. S.] 88; 2 Scrib. Dower, 344–366; Cooley, Const. Lim. 373–378.

Of the expediency and justice of the enactment resulting from the imperfect and confused state of the legislation respecting the mode of executing conveyances and relinquishments of dower by non-residents, I have as little question as I have that it was an act which the legislature might lawfully pass. Bill dismissed.

NELSON, District Judge, did not sit.

[On appeal to the supreme court, the decree of this court was affirmed. 23 Wall. (90 U. S.) 137.]

NOTE. "The decided weight of authority is in favor of the doctrine that the right to dower may, at any time before the husband's death, be enlarged, abridged, or entirely taken away." Per Wright, C. J., in Lucas v. Sawyer, 17 Iowa, 521, where the authorities are cited.

More particularly bearing on the principal case, see Frantz v. Harrow, 13 Ind. 507; Galbraith v. Gray, 20 Ind. 290.