## JOURDAN v. HARAN et al.

*(Superior Court of New York City, General Term. October 23, 1888.)*

1. **DOWER—WHEN ATTACHES—LANDS DESCENDED.**
   Under 2 Rev. St. N. Y. (6th Ed.) p. 1121, giving a wife dower in all the lands of which her husband was seised of an estate of inheritance at any time during marriage, and Id. p. 1135, § 17, which provides that whenever an inheritance or share of an inheritance shall descend to several persons they shall take as tenants in common, on the death of the ancestor the wife of an heir has an inchoate right of dower in the share of her husband.

2. **SAME—ENFORCEMENT—WHAT LAWS GOVERN.**
   The inchoate right of dower is but an incident to the marriage relation, and its continuance, and the manner of enforcing the claim to dower after death of the husband, depend upon the statute law of the state in force at the time of the husband's death.

3. **SAME—ADMEASUREMENT—SALE—PARTIES—WIDOW OF DECEASED HEIR.**
   Under 2 Rev. St. (6th Ed.) p. 1122, § 16, providing that no act, deed, or conveyance by the husband, without the consent of his wife duly acknowledged, and no judgment or decree confessed by or recovered against him, shall prejudice the wife's right to dower, a decree and sale in an action for the admeasurement of the dower of the ancestor's widow, to which the wife of an heir is not a party, does not affect the latter's inchoate right of dower, especially as the decree in terms was limited to the parties to the action, and persons claiming under them after the filing of the notice of the pendency of the action.

4. **SAME.**
   Laws N. Y. 1870, c. 717, authorizing the sale of land in an action for the admeasurement of dower, did not necessarily abolish the inchoate right of dower in the wife of the heir; section 3 expressly providing that only "the parties to such action" shall be bound by the sale.

Appeal from special term.

Action by Margaret Jourdan against Patrick Haran, impleaded, and others, to enforce a claim to dower. From a judgment adjudging plaintiff entitled to dower, and admeasuring the same, and from an interlocutory judgment ordering a reference, and from an order confirming the referee's report, defendant Haran appeals.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Townsend & Mahan,* for appellants. *Francis B. Chedsey,* for respondent.

FREEDMAN, J. There is practically no dispute as to the facts. The plaintiff is the widow of Cornelius P. Jourdan, to whom she was duly married in Oc-

tober, 1866, and who died in October, 1886; and as such widow she brought this action to enforce a claim of right of dower in the premises described in the complaint. On October 10, 1870, John Jourdan died intestate in the city of New York, seised of the said premises, leaving him surviving his widow, Marcella C. Jourdan, and as his only heirs at law, his brothers, Cornelius P. Jourdan and Thomas J. Jourdan, his sister, Mary Ann Neary, and his niece, Mary Jane Hayes,—all of whom lived until the end of the year 1871. In February, 1871, Marcella, the widow of John, commenced an action in the supreme court for the admeasurement of her dower in the said and other lands of her deceased husband, making all of the said heirs of her said husband parties defendant thereto, and they all appeared therein; but the present plaintiff, then the wife of Cornelius P. Jourdan, was not made a party. On March 27, 1871, the said Marcella C. Jourdan filed in the office of the clerk of the city and county of New York, in her said action, a consent in writing in due form, in which she consented to accept a gross sum of money in full satisfaction and discharge of her dower in said lands, to be estimated upon the net proceeds of a sale thereof, to be adjudged by the court, and the amount of such gross sum of money to be ascertained by the court in the manner authorized by the fifth section of the act entitled "An act to authorize the sale of real estate in which any widow shall be entitled to dower, in satisfaction and discharge thereof," passed May 6, 1870. Laws 1870, c. 717. Such proceedings were thereupon had in said action that the court, by judgment dated March 31, 1871, adjudged and decreed a sale of the premises at public auction by and under the direction of a referee appointed for that purpose. The judgment, among other things, also provided that said referee execute to the purchaser or purchasers a deed or deeds of the premises sold; and that all the parties to said action, and all persons claiming under them, or any or either of them, after the filing of the notice of the pendency of said action, upon the sale being made, be barred of and from all estate, right, title, and interest which they and each of them had in the said premises at the time of the sale. In pursuance of said judgment the premises described in that action were sold, and the premises described in the complaint in this action were struck off to the defendant Patrick Haran, for the sum of $18,900. The referee executed to him a deed therefor, dated May 18, 1871, and thereafter duly recorded, and such further proceedings were had in such action that, out of the amount of the proceeds of the sale, the whole of the several parcels of land by said judgment directed to be sold, there was paid to Marcella C. Jourdan a gross sum of money, and the balance then remaining of said proceeds was paid to the four heirs at law above mentioned. The said Marcella C. Jourdan executed to the said Patrick Haran a release of her right to dower in the premises sold to him as aforesaid.

Upon this state of facts the great substantial question presented by the several appeals in this case is as to whether the plaintiff herein had, during the pendency of the action of Marcella C. Jourdan, the widow of John Jourdan, for the admeasurement of her dower in the lands whereof John Jourdan died seised, an inchoate right of dower in the share of her husband as one of the heirs at law of John Jourdan, and, if she had, whether she could be deprived of it by the judgment in that action without having been made a party to such action. It was determined by the interlocutory judgment that she had such a right; that she was a necessary party defendant in such action; and that, not having been made such a party, her right was not cut off. Dower is the provision which the law makes for a widow out of the lands of her husband. It is not the result of contract, but a positive institution of the state, founded on reasons of policy. *Moore* v. *New York*, 8 N. Y. 110. It is a life-estate created by operation of law in favor of the wife on the decease of her husband, by which she is endowed for life with a third of the lands of which he was seised of an estate of inheritance at any time during coverture. The title to dower is inchoate on marriage and seisin, and then attaches to

the land, but is not consummate until the decease of her husband. *Denton* v. *Nanny*, 8 Barb. 618; *Sutliff* v. *Forgey*, 1 Cow. 89, 5 Cow. 713. The Revised Statutes of this state confirmed this common-law right as follows: "A widow shall be endowed of the third part of all the lands whereof her husband was seised of an estate of inheritance, at any time during the marriage." 2 Rev. St. (6th Ed.) p. 1121, § 1. As to the sufficiency of the seisin of the husband, it is not necessary that there should have been an actual seisin, or seisin in deed. It is enough that the husband had a seisin in law, with a right to an immediate corporal seisin. But he must have been seised of an effectual estate of inheritance. A joint seisin with others is not enough. Thus, though an estate in joint tenancy be, in terms, one of inheritance in each of the joint tenants, yet the possibility, so long as the joint ownership subsists, that the present estate of each may be completely defeated by his dying in the life-time of the other, prevents the right of dower attaching in the wife of either, except the actual survivor. The estate of a tenant in common, however, is subject to dower as if held in severalty; but it will be set off in common, unless partition be made during the life of the husband between the tenants, in which case the dower of each tenant's wife is limited to the portion set apart to him. 1 Washb. Real Prop. (4th Ed.) 199, and cases there cited. The law of this state does not favor joint tenancy as much as it does tenancy in common. The Revised Statutes, in providing for the creation and division of estates, expressly declare that every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but that every estate vested in executors or trustees as such, shall be held by them in joint tenancy. 2 Rev. St. (6th Ed.) p. 1104, § 44. So the statute relating to title to real property by descent expressly provides that " * * * whenever an inheritance, or a share of an inheritance, shall descend to several persons, * * * they shall take as tenants in common in proportion to their respective rights." Id. p. 1135, § 17.

From what has been said already, it clearly appears that on the death of John Jourdan the title to his real property descended to his heirs at law as tenants in common, and that the plaintiff herein had, during the pendency of the action of Marcella C. Jourdan, the widow of John Jourdan, for the admeasurement of her dower out of such real property, an inchoate right of dower in the share of her husband, Cornelius P. Jourdan, as one of such heirs at law. It remained to be seen therefore, whether she could be deprived of such inchoate right by the judgment in that action, without having been made a party to the action. Upon this branch of the case, the appellant strenuously contends that she is conclusively bound by the result of the action, although she was not made a party, because she was not a necessary party; and in support of this contention the appellant principally relies upon the non-existence of a statute which required that she should be made a party, which, in view of the peculiar interest held by her husband at the time in the premises, rendered it unnecessary to make her a party. It is true that, inasmuch as the right of dower does not result from any contract, nor is a right which, while it remains inchoate, is guarded by any constitutional provision, but is an incident of the marriage relation resulting from wedlock, because established by law, the continuance of the right in its inchoate state, and the manner of the enforcement of the claim of dower after the death of the husband, depend altogether upon the statute law of the state in force at the time of the husband's death. The question has been raised in several of the states, how far the legislature can by legislative action affect an inchoate right of dower during the coverture of the parties, and the weight of authority upon it appears to be that, if done by general act, without directly acting upon the *status* of marriage, the legislature has the power to change or abrogate the right as a right of property; and that it is the law as it exists at the time of the husband's death which determines the widow's right to dower. 1 Washb. Real Prop. (4th Ed.) 191, and cases cited.

The language of DILLON, J., in *Randall* v. *Kreiger*, 2 Dill. 444, is: "While the right remains inchoate, it is, as respects the wife, under the absolute control of the legislature, which may, by general enactment, change, abridge, or even destroy it, as its judgment may dictate." So it is equally true, that at common law, as shown by Kent in his Commentaries, and by Washburn in his treatise on Real Property, a widow's claim of dower may be defeated by avoiding this seisin upon which it depends. It is one of the principles of the common law that a widow's dower is liable to be defeated by every subsisting claim or incumbrance in law or in equity existing before the inception of the husband's title, and which would have defeated the husband's seisin. It is also defeated by the disseisin of the husband, by paramount title, or re-entry, on condition broken, and by the operation of collateral limitations determining the estate. So, if lands descended to an heir are sold for payment of the ancestor's debt, or by an executor under a power in the will of the testator, the seisin of the heir or devisee, although completed by entry, will thereby be divested, and the right of dower in his wife defeated. Out of the same doctrine grows the familiar maxim, *"Dos de dote peti non debet,"* which is American as well as English law. The application of this doctrine may be briefly illustrated in this way: Upon the death of the owner of the land in fee, it passes at once by descent or devise to his heir or devisee, and carries with it such a seisin as gives the wife of such heir or devisee a right of dower in the premises. The ancestor or devisor may have left a widow who is entitled to dower out of the land, but until she has it set out, the existence of such a right does not affect that of the heir or devisee. But the estate of a dowress, as soon as her estate is set out to her, is considered as a continuation of the husband's estate, resting upon his seisin; there being in contemplation of law no interval of time or estate between that of the husband and the dower estate of his widow. If, therefore, the widow of the ancestor or devisor sees fit at any time to enforce her right, which is a mere chose in action until her dower is assigned, her right, as completed by the assignment of dower, at once relates back, and cuts off the seisin of the heir or devisee as to so much of the estate as is assigned to her, and converts his interest in such part or portion into that of a reversion expectant upon her death, and with it destroys the estate in possession which he may have enjoyed in the interim, as if it had never existed. If, then, he were to die in the life of the last-named dowress, his widow could not claim dower in the part assigned for want of a sufficient seisin on his part during coverture. And in the third place it must be conceded that, as regarded the inchoate right of dower of the wife of a tenant in common, such wife at common law holds such inchoate right so completely subject to the incidents of such an estate that she not only takes her dower out of such part only of the common estate as shall have been set off to her husband in partition; but if, by law, the entire estate should be sold in order to effect a partition, she loses by such sale all claim to the land, although no party to such proceeding. The last-named rule of the common law, so far as it relates to the partition of land, has been changed in New York by statute. By the Revised Statutes (volume 2, p. 318, § 6) it was provided that every person entitled to dower in lands to be partitioned, if such dower has not been admeasured, may be made a party. By section 1538 of the Code of Civil Procedure it was further enacted that every person having an inchoate right of dower in an undivided share in the property, or any part thereof which has not been admeasured, must be made a party to the action. If, therefore, the point now under consideration were to be determined by the rule of the common law, the contention of the appellant would be well founded; but, as already shown, it is to be determined by the statute law in force at the time of the rendition of the judgment in favor of Marcella C. Jourdan. It therefore becomes necessary to find out what, at that time, the law of this state was upon the subject, and upon this inquiry it must be kept in mind that

while it was competent for the legislature to abridge or destroy plaintiff's inchoate right, it was equally competent to enact that it should not be lost or impaired except in a certain prescribed way.

Before the enactment of the Code of Procedure, a widow claiming dower had her election between three remedies, to-wit: *First,* an action of ejectment for dower, brought against the person in possession, in which, after her title was established, her portion was admeasured; *second,* proceedings for the admeasurement of dower, to be taken in the supreme court, a county court, or a superior city court, or before a surrogate, against the tenant of the freehold, and to be followed, if necessary, by an action of ejectment for the portion so admeasured; and, *third,* a suit in equity, in which both the right of the plaintiff, and the portion to be assigned to her, was determined. To these remedies the Code of Civil Procedure added a fourth, viz., an action for the admeasurement of dower. In the place of these four remedies the Code of Civil Procedure substituted the action for the recovery and the admeasurement of dower; but, inasmuch as the last-mentioned Code was passed after the rendition of the judgment in favor of Marcella C. Jourdan, its provisions require no consideration here. Marcella C. Jourdan was therefore at liberty to choose any one of the four remedies named, and she elected to proceed, and did proceed, by action in the supreme court. At the same time it was provided by statute as follows, viz.: " No act, deed, or conveyance executed or performed by the husband without the assent of his wife, evidenced by her acknowledgment thereof, in the manner required by law to pass the estates of married women, and no judgment or decree confessed by or recovered against him, and no laches, default, covin, or crime of the husband, shall prejudice the right of his wife to her dower or jointure, or preclude her from the recovery thereof, if otherwise entitled thereto." 1 Rev. St. p. 742, § 16; 2 Rev. St. (6th Ed.) p. 1122, § 16. This is the provision which, as the plaintiff claims, protected and preserved her right of dower as against the judgment recovered by Marcella C. Jourdan. I cannot find that the provision last referred to has ever been construed in a case like the present; but it seems to have come up for construction in actions for the foreclosure of mortgages, and in that class of cases it was uniformly held that, in order to cut off the wife's inchoate right of dower, she must be made a party to the action. *Wheeler* v. *Morris,* 2 Bosw. 524, contains a good illustration of this point. In *Mills* v. *Van Voorhies,* 20 N. Y. 412, it was said, (page 420:) "The inchoate rights of the wife are as much entitled to protection as the vested rights of the widow. Neither can be impaired by any judicial proceeding to which she is not made a party." And in *Simar* v. *Canaday,* 53 N. Y. 298, it was said, (page 304:) "We think that it must be considered as settled in this state, notwithstanding *Moore* v. *Mayor,* 8 N. Y. 110, and some *dicta* in other cases, that as between a wife and any other than the state, or its delegates or agents, exercising the right of eminent domain, an inchoate right of dower in lands is a subsisting and valuable interest which will be protected and preserved to her, and that she has a right of action to that end." This being so, the reasons assigned and the rule enforced in the foreclosure cases apply with equal force to an action for the recovery and admeasurement of dower. It therefore follows that the contention of the appellant that, because certain proceedings for the admeasurement of dower could formerly be maintained for certain purposes under section 2 of 2 Rev. St. 488, upon service of a petition and notice upon the heirs of the husband, or upon the owners of the land claiming a freehold estate therein, the plaintiff is bound, by the result of the action brought by Marcella C. Jourdan, although not made a party, is wholly untenable.

The further point made by the appellant that, where the legislature, by chapter 717 of the Laws of 1870, authorized the sale of land in an action brought for the admeasurement of dower, it necessarily abolished all inchoate right of dower in the wife of the heir or owner of the freehold in the land to

be sold, is equally untenable. It cannot be sustained by any authority, nor by a just construction of the act itself. The third section of the act provides who shall be bound by the sale, and, in doing so, it mentions only "all the parties to such action." Neither the language of that section, nor that of the act as a whole, authorizes the conclusion that, in enacting said act, the legislature intended to deprive the wife of the heir or of the owner of the freehold, of her inchoate right of dower in the land to be sold without a hearing. In order to hold that the legislature did so intend, an implication would have to be raised and sustained which is at variance not only with the well-defined policy of the state as regards the right of married women, but also with the well-settled rule that, if two statutes which conflict can be so construed that both may stand, they must be so construed. Such an implication cannot, therefore, be sustained. If any implication arises at all upon the act of 1870, it is that a person who was not made a party to the action shall not be bound.

But there are still other considerations. Suppose, after the institution of the action by Marcella C. Jourdan, she and the heirs at law had united in a conveyance of the premises to a third person, would that have deprived the plaintiff of her inchoate right of dower? Clearly not, for the statute above set forth expressly says that no act, deed, or conveyance executed or performed by the husband without the assent of his wife shall prejudice the wife's right of dower. How, then, can the judgment recovered by Marcella C. Jourdan have any greater effect than such conveyance would have unless such greater effect is expressly given by statute? Again, suppose that in fact there was a will with a provision in lieu of dower, which was accepted by Marcella C. Jourdan, would not the present plaintiff, if she had been made a party to the action brought by Marcella C. Jourdan, have had a right to plead these facts as a defense to the claim of dower advanced by Marcella? She clearly would have had such right. So, upon the supposition that Marcella never was the lawful wife of John Jourdan, and consequently was not his widow, would not that have been a defense available to the present plaintiff against the claim of Marcella, if she had been made a defendant in that action? The question can be answered only in the affirmative. The plaintiff, therefore, had not only an inchoate right of dower, but also certain rights for the defense of the same. She could be deprived of none of these rights except by some express provision of law, and the appellant has wholly failed to show any such provison.

It finally should be noticed yet that the judgment relied upon by the appellant does not, in terms, bar plaintiff's right of dower. It decrees that all the parties to the action, and all persons claiming under them, or any or either of them, after the filing of the notice of the pendency of the action, shall, upon the sale being made, be barred of and from all estate, right, title, and interest which they and each of them had in the said real estate at the time of the sale. Inasmuch as plaintiff's inchoate right of dower had attached, as hereinbefore shown, before the commencement of the action by Marcella, and before the filing of the notice of the pendency of such action, it was a prior right, and as such, the language of the judgment does not cover it. In no aspect of the case, therefore, was the plaintiff ever deprived of her inchoate right of dower, and consequently, upon the death of her husband, it became her right to bring an action for the recovery and admeasurement of such dower. For the reasons aforesaid, the interlocutory judgment made in this action is clearly right. The action of the referee, under and in pursuance of the interlocutory judgment, presents a further and also a highly interesting question as to the extent of the plaintiff's right. He arrived at the conclusion that the plaintiff is to be endowed only to the extent of one-eighteenth of the premises in question, and not to the extent of one-twelfth, as claimed by the plaintiff. In this he is clearly right. Moreover, the appellant cannot complain of it. Upon a review of all that bears upon this branch of the case, no error appears to have

been committed to the prejudice of the appellant. The reasons which led the referee to the conclusion at which he arrived are set forth in an opinion delivered by him, which is so exhaustive of the subject under consideration by him, and so clear and convincing, that I deem it wholly unnecessary to make any additional remarks. The judgment, interlocutory judgment, and the order appealed from, should be affirmed, with costs. All concur.