Ellen C. Sawyer v. Calvin Biggart, Appellant.

**Husband and Wife:** contracts between: *Power of attorney.* Code,
section 3154, provides that when property is owned by husband
or wife, the other shall have no interest therein which can
be the subject of contract between them. Section 3161 pro-
vides that the husband or wife may constitute the other attor-
ney in fact to dispose of his or her property for, their mutual
benefit. Section 2919 authorizes a married woman to convey
or encumber real estate belonging to her as if she was sole owner.
*Held*, that a power of attorney given by a wife to her husband
under a separation agreement, empowering him to sign for
her conveyances of the real estate allotted to him by the agree-
ment, was void under section 3154, and incapable of ratifi-
cation, notwithstanding sections 2919 and 3161.

**Estoppel to claim distributive share:** *Property allotted to hus-
band by contract.* A wife separated from her husband under

an agreement by which the property is divided between them, is not estopped to claim, on the husband's death, one-third of the real estate allotted to him by the agreement, and which he had conveyed, either by retaining the real estate allotted to her or by claiming and receiving her distributive share of his personal estate, it not appearing that the husband's grantee had changed his attitude by reason of the wife's conduct.

*Appeal from Jones District Court.*—HON. H. M. REMLEY, Judge.

MONDAY, OCTOBER 7, 1901.

SUIT for assignment of dower. From decree as prayed, defendant appeals.—*Affirmed.*

*B. H. Miller* and *J. S. Stacy* for appellant.

*Jamison & Smyth* for appellee.

LADD, J.—In 1889 the plaintiff and her husband, Samuel Sawyer, entered into a written agreement of separation, under which the husband conveyed to her certain property in Olin, and retained the 50 acres of land in controversy, divided the personal property, and each constituted the other his attorney in fact with authority to join in his name and stead in the conveyance of all the other property above mentioned. Afterwards Samuel Sawyer executed a deed of the 50 acres mentioned to defendant, attaching thereto his own signature and that of his wife, by virtue of the alleged power of attorney. He died April 19, 1896, and thereafter plaintiff claimed her distributive share in the personal property left by him, and has received a portion thereof. She took possession of the real estate in Olin upon the execution of the agreement, and has since held it. Very evidently the subject of the power of attorney included in the contract was the interest of each in the land of the other. It attempted to authorize the husband to convey the wife's contingent right

in this land. But the statute absolutely forbids the interest of either in the property owned by the other to become the subject of any contract whatever between them. Section 3154, Code; *Garner v. Fry*, 104 Iowa, 515; *Miller v. Miller*, 104 Iowa, 186; *Linton v. Crossby*, 54 Iowa, 478. Samuel Sawyer then had no authority to sign plaintiff's name to the deed running to defendant. Nor can the law prohibiting such a contract be evaded by afterwards ratifying acts forbidden. Ratification is in effect a contract, and, as neither could enter into any agreement concerning this subject-matter prior to the dissolution of the marriage relation, ratification, if proven, would be quite as obnoxious to the policy of the law as the original arrangement. As precisely in point, see *Shane v. McNeill*, 76 Iowa, 461. Nor is the plaintiff estopped by anything done prior to her husband's death. The defendant does not appear to have been misled in any way. By the instrument containing the alleged power of attorney under which the deed was signed he was fully advised of its illegal character, and with the land took his chance on the ripening of the wife's inchoate interest into an undivided third in fee simple. See *Shane v. McNeill, supra. Wronkow v. Oakley*, 133 N. Y. 505 (31 N. E. Rep. 521, 16 L. R. A. 209, 28 Am. St. Rep. 661), is not in point owing to difference in statutes. In *Dunlap v. Thomas*, 69 Iowa, 358, the agreement was not with the husband, but with a third person. Section 3161 of the Code authorizes either husband or wife to constitute the other an attorney in fact to control or dispose of his or her property, nor of his or her interest in the property of the other by virtue of the relation existing between them. Nor does section 2919 have reference to such interest.

II. But appellant insists that plaintiff is estopped from claiming her dower interest in this land (1) by retaining the real estate in Olin conveyed to her, and (2) by claiming and receiving her distributive share of the personal estate of her

deceased husband. The plaintiff's dower interest vested in her on the death of her husband, and she then became owner *eo instante* of an undivided one-third of all his real estate in fee simple. *Burke v. Barron,* 8 Iowa, 132; *Potter v. Worley,* 57 Iowa, 66; *Herr v. Herr,* 90 Iowa, 538. If since then she has been divested of this title, and defendant has acquired the one-third, this must have been owing to some transaction between them. But there has been none. If the title, warranted by deceased, has failed, the defendant's remedy would seem to be against the estate, and not plaintiff. She certainly owed him no duty with respect to the personal property her husband left, and he is not concerned in any dispute which may arise between herself and the heirs concerning the validity of the conveyance of the real estate in Olin. As he has not been induced by anything done to change his attitude in any way, the plea of estoppel is not sustained.—AFFIRMED.