M. W. SWARTZ, Appellant, v. A. M. ANDREWS and ELLA H. ANDREWS, and JOSEPH H. HILL and M. E. HILL.

**Husband and wife:** POWER OF ATTORNEY: ALIENATION OF DOWER INTEREST. The dower interest of the wife cannot be alienated by the husband under a power of attorney from the wife; as the same, under Code, section 3154, is not the subject of contract between them.

**Same:** CONSTITUTIONAL LAW: DUE PROCESS. Since the wife is prohibited by statute from authorizing her husband by a power of attorney to alienate her dower interest in his property, a legalizing act of the legislature intended to effectuate a conveyance of that character is unconstitutional and void.

**Same.** A legalizing act will not be given effect to vitalize the husband's illegal conveyance of his wife's dower interest, which had become vested by his death prior to its passage.

**Conveyance of dower:** POWER OF ATTORNEY: CURATIVE ACT. The curative act of 1902, relating to a conveyance by one spouse of the inchoate interest of the other under a power of attorney. has no application to a power of attorney executed by the wife alone; it contemplates a joint instrument involving mutual benefits and obligations.

*Appeal from Woodbury District Court.*— HON. JOHN F. OLIVER, Judge.

FRIDAY, FEBRUARY 14, 1908.

ACTION to quiet title to real property, in which plaintiff claims complete title under a warranty deed from N. B. Buxton, reciting the relinquishment of the dower interest of

the wife of said Buxton, signed by him in his own right and as attorney in fact for his wife. Defendants claim under a conveyance by the surviving widow of Buxton of a one-third interest in the property in controversy. There was a decree for the defendants establishing the interests claimed by them, and the plaintiff appeals.— *Affirmed.*

*Shull, Farnsworth & Sammis,* for appellant.

*E. J. Stason,* for appellees.

McClain, J.— In March, 1886, Anna F. Buxton, by written instrument duly signed and acknowledged, appointed her husband, N. B. Buxton, to be " her true and lawful attorney . . . to grant, bargain, sell, and convey any real estate in whatever State or territory situated . . . which I own or hereafter acquire, or any interest therein, including my dower, homestead, or any other interest as the wife of said N. B. Buxton in and to any real estate wherever situated now owned or hereafter acquired by the said N. B. Buxton." In April, 1888, said N. B. Buxton, being the owner of the land in controversy, executed a warranty deed therefor, purporting to convey the same to this plaintiff, in which deed there was a relinquishment of the dower interest of Anna F. Buxton. The deed was signed by N. B. Buxton and " Anna F. Buxton by N. B. Buxton, her attorney in fact," and acknowledged by him personally and as attorney in fact. In June, 1900, N. B. Buxton died intestate, leaving Anna F. Buxton his surviving widow, and she in August, 1902, conveyed an undivided one-third interest in the property to defendant A. M. Andrews, from whom defendant Joseph H. Hill has acquired, by conveyance, an undivided one-half of such undivided one-third interest. In 1902 — that is, after the death of the said N. B. Buxton and before the conveyance of a one-third interest in the property by his widow,— chapter 237, of the Acts of the Twenty-Ninth General Assembly was passed, legalizing certain conveyances in

the following language: "No conveyance of real estate heretofore made, wherein the husband or wife conveyed or contracted to convey the inchoate right of dower of the other spouse, acting as the attorney in fact, by virtue of a power of attorney executed by each spouse, such power of attorney not having been executed as a part of a contract of separation, shall be held invalid as contravening the provisions of section three thousand one hundred and fifty-four (3154) of the Code, but all such conveyances are hereby legalized and made effective."

I. The power of attorney given by Anna F. Buxton to her husband was invalid under the provisions of Code, section 3154, which is in the following language: "When property is owned by the husband or wife, the other has no interest therein which can be the subject of contract between them nor such interest as will make the same liable for the contracts or liabilities of the one not owner of the property, except as provided in this chapter." The conveyance of N. B. Buxton was ineffectual, therefore, to cut off the dower interest of Anna F. Buton, and the deed to plaintiff had no greater effect at the time it was executed than if there had been no provision therein relinquishing the dower interest of Anna F. Buxton. *Sawyer v. Biggart,* 114 Iowa, 489. It is conceded that, unless the conveyance by N. B. Buxton to plaintiff was made effectual to cut off his wife's dower interest by the subsequent legalizing act above referred to, defendants have a good title to one-third of the land in controversy.

1. HUSBAND AND WIFE: power of attorney: alienation of dower interest.

II. The consideration of the efficiency of the legalizing act, on which plaintiff relies to make her title perfect to the entire interest in the land owned by N. B. Buxton, involves, first, the constitutionality of the statute, and, second, its interpretation. The validity of a curative or legalizing act to make effectual a conveyance, which, but for such legislative action,

2. SAME: constitutional law: due process.

would be ineffectual, turns on the question whether any vested rights are thereby destroyed. If a right which is already vested before the passage of the act is interfered with by the application of the statute, then the statute deprives the owner of such vested right of his property without due process of law, and is unconstitutional under article 1, section 9, of our State Constitution and under the fourteenth amendment to the federal Constitution. If, on the other hand, the legalizing act simply makes effectual as against the parties a conveyance which would otherwise have been ineffectual on account of some irregularity or omission not involving substantial right, the parties affected are not in a situation to complain, nor can those who claim under them by virtue of transactions which take place after the passage of the curative act assert any rights which the parties themselves could not have asserted, in view of the effect of the act. Thus it is said in *Goshorn v. Purcell*, 11 Ohio St. 641, with reference to a conveyance of property by a married woman which was not in conformity to the statutory provision as to the recital in the granting clause of the name of such woman as grantor, she having joined with her husband in the execution of the deed:

> The act of the married woman may, under the law, have been void and inoperative; but, in justice and equity, it did not leave her right in the property untouched. She had capacity to do the act, in a form prescribed by law for her protection. She intended to do the act in the form prescribed. She attempted to do it, and her attempt was received and acted on in good faith. A mistake, subsequently discovered, invalidates the act; justice and equity require that she should not take advantage of that mistake; and she has, therefore, no just right to the property. She has no right to complain if the law, which prescribes forms for her protection, shall interfere to prevent her reliance upon them to resist the demands of justice. She has no vested right to do wrong. *Foster v. Essex Bank,* 16 Mass. 245, 273 (8 Am. Dec. 135). As said in a recent case, ' laws curing defects, which would otherwise operate to frustrate what must be presumed to be

the desire of the party affected, cannot be considered as taking away vested rights. Courts do not regard rights as vested contrary to the equity and justice of the case. *State v. Newark,* 27 N. J. Law, 185, 197.'

It has frequently been held that curative acts making valid, as to married women, deeds in which they have joined with their husbands to relinquish dower, although the acknowledgments of such deeds have not been in the form prescribed by statute, do not interfere with any vested right on the part of the woman whose attempted relinquishment is not effectual under the statute existing when made, and are constitutional. *Barrett v. Barrett,* 120 N. C. 127 (26 S. E. 691, 35 L. R. A. 226); *Dengenhart v. Cracraft,* 36 Ohio St. 549; *Tate v. Stooltzfoos,* 16 Serg. & R. (Pa.) 35 (16 Am. Dec. 546); *Johnson v. Richardson,* 44 Ark. 365; *Watson v. Mercer,* 8 Pet. (U. S.) 88 (8 L. Ed. 876). On the other hand, it has been held that if the act attempted to be legalized was one which a married woman had no power under the existing law to do, so that it was ineffectual, not merely because of irregularity in the method in which the power was attempted to be exercised, but for the entire lack of power to do such an act in any manner, a legalizing act could not make valid as to her that which she had no capacity to do. *Lane v. Soulard,* 15 Ill. 123; *Russell v. Rumsey,* 35 Ill. 362; *Miller v. Hine,* 13 Ohio St. 565; *Shonk v. Brown,* 61 Pa. 320.

The invalidity of the conveyance to plaintiff by N. B. Buxton as to his wife's right of dower was not due to any mere informality or defect in the conveyance itself. Buxton had no authority to relinquish his wife's right of dower, for the pretended power of attorney from his wife to him was invalid. And the invalidity of this power of attorney was not by reason of any defect in its execution, but because the law as then existing, and as it still exists, denied to her any capacity to execute such an instrument, or by the execution thereof to confer any such authority upon her husband.

We reach the conclusion that the curative act above quoted was unconstitutional, in that it was attempted thereby to make valid an instrument affecting the dower right of Buxton's wife which was wholly invalid for lack of power to execute it at the time it was executed.

Another consideration leads to the same result. If, after the execution of the deed to plaintiff by Buxton and prior to the passage of the curative act, any one acquired by change of situation and condition a vested right which did not exist at the time of the conveyance, the curative act, as applied to such conveyance with the effect of defeating the vested right subsequently acquired, would be unconstitutional. *Brinton v. Seevers,* 12 Iowa, 389; *Newman v. Samuels,* 17 Iowa, 529; *State v. Squires,* 26 Iowa, 340. On the death of Buxton, which took place before the passage of the curative act, his widow became vested with an absolute right to an undivided one-third interest in his real property which had not been relinquished by any action on her part valid by the law up to that time. Her contingent right of dower was converted into a title of which the Legislature had no power to deprive her by any subsequent enactment. *Burke v. Barron,* 8 Iowa, 132; *Potter v. Worley,* 57 Iowa, 66; *Bottorff v. Lewis,* 121 Iowa, 27; *Randall v. Kreiger,* 2 Dill. 444 (Fed. Cas. No. 11,554; on appeal 23 Wall. (U. S.) 137, 23 L. Ed. 124). It follows that, irrespective of the validity of the curative act as applied to a case where the coverture still continued at the time the act was passed, there is reason in the case before us for holding the act unconstitutional as to the vested dower right of Anna F. Buxton under whom defendants claim.

III. The language of the curative act refers to a case where the husband or the wife acts as attorney in fact for the other " by virtue of a power of attorney executed by each spouse " in the attempt to relinquish the dower right of the other. The power of attorney relied on in this case was not executed

3. SAME.

4. CONVEYANCE OF DOWER: power of attorney: curative act.

by " each spouse," but only by Anna F. Buxton, and we hold that the curative act has no application to such power of attorney. At first sight this may seem to be a somewhat technical construction of the act, but the case of *Sawyer v. Biggart*, 114 Iowa, 489, was decided not long before the curative act in question was passed relating to mutual powers of attorney executed by both husband and wife, and it is reasonable to suppose that the statute was passed with reference to such a case. That this is not an unusual form of curative act, and that such an act is to be limited in its application to such an instance as is described, appears from what is said in *Randall v. Kreiger*, 23 Wall (U. S.) 137 (23 L. Ed. 124), and *Dengenhart v. Cracraft*, 36 Ohio St. 549, 577. There may be good reason in public policy for validating a joint instrument involving mutual benefits and obligations which would not apply to a mere power of attorney under which, without consideration, the husband or wife is authorized to act for the other. If the curative act could be given effect in any case, it still would not be applicable to the case before us.

Something is said in argument of counsel as to the impropriety of granting a partition to the defendants on their cross-bill, but as the court dismissed the cross-bill in this respect, and refused to grant relief by way of partition, we have no occasion to consider this question on the plaintiff's appeal.

The decree is therefore *affirmed*.